WALTERS, Appellant, v. ROBERTS, Sheriff, Respondent.

(208 N. W. 163.)

(File No. 5893.   Opinion filed April 5, 1926.)

1.   **Banks and Banking.**

Certificates of deposit, like checks, drafts, etc., are not mere
promises to pay, but equivalents of money.

2.   **Banks and Banking.**

Certificate of deposit has entire responsibility of bank behind it.

3.   **Mortgages—Redemptions—Certificate of Deposit, Accepted Without Objection by Sheriff in Redemption of Land Sold on Foreclosure and Subsequently Cashed by Him, Held Equivalent to Actual Payment of Money on Date of Delivery to Him, Objections by Purchaser Being Waived (Rev. Code, Secs. 774, 1259).**

Sheriff being justified, under Rev. Code 1919, Sec. 1259, as legal, responsible agent of holder of certificate of sale on foreclosure, in accepting certificate of deposit in redemption,, such acceptance without objection to form of payment waived all objections by holder of certificate of sale under section 774, and when sheriff cashed certificate of deposit, three days after redemption, it related back to, and was equivalent to actual payment of money to sheriff, on date of its delivery to him.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Banks and banking, Key-No. 152, 7 C. J. Sec. 336; **(2)** Banks and banking, Key-No. 152, 7 C. J. Sec. 336 (Anno.); **(3)** Mortgages, Key-No. 605, 27 Cyc. 1834.

Appeal from Circuit Court, Brookings County; Hon. W. W. Knight, Judge.

Mandamus proceedings by Daisy M, Walters against John H. Roberts, Sheriff of Brookings County. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

*J. P. Alexander,* of Brookings, for Appellant.
*Hall & Purdy,* of Brookings, for Respondent.

DILLON, J. This is a mandamus proceeding to compel the defendant sheriff to issue a sheriff's deed upon foreclosure by advertisement to the plaintiff, holder of the certificate of sale. The facts upon which this proceeding is based are as follows:

That W. H. Walters was the legal holder of the land in question at the time of the trial; that plaintiff is a sister of said W. H. Walters; that Dennis & Dennis held a sheriff's certificate of sale of the land on foreclosure by advertisement September 15, 1923; that the Farmers' & Merchants' Bank of Iroquois, this state, was the owner and holder of a subsequent mortgage on said premises, and as such was a redemptioner; that on September 15, 1923, the premises were sold by the sheriff by foreclosure sale to Dennis & Dennis for $2,571.18; that defendant sheriff executed a sheriff's sale certificate, which was filed in the office of the register of deeds; that the payment so made was in the form of a demand certificate of deposit issued by the Midland State Bank of Brookings, this state, to one Vance, examiner of said Farmers' & Merchants' Bank of Iroquois; that said Vance exhibited to sheriff its note, mortgage, and assignment thereof, with the certificate of

register of deeds indorsed on said mortgage, and assignment showing the same to be duly recorded; that said demand certificate of deposit was by the said Vance indorsed to defendant sheriff; that defendant sheriff made no objection to the form of payment, accepting said certificate of deposit as the equivalent of cash; that defendant sheriff indorsed said certificate of deposit, and sent it to Dennis & Dennis, of Sioux Falls, by mail; that within two or three days Dennis & Dennis returned said certificate of deposit to defendant sheriff, and informed him that they had assigned said certificate of sale to plaintiff; that on September 18, 1924, the defendant sheriff deposited said certificate of deposit in the Midland State Bank to his own credit as sheriff; that on September 20, 1924, the assignment of said certificate of sale was made by Dennis & Dennis to plaintiff, and was filed for record; that on October 7, 1924, one J. P. Alexander, as plaintiff's attorney, and said W. H. Walters, demanded that the sheriff issue a sheriff's deed to plaintiff, based upon said assignment to her, which demand was refused, because of the prior redemption held by the Farmers' & Merchants' Bank of Iroquois; that defendant sheriff tendered said attorney and said Walters cash in the amount so paid in redemption of said premises by said bank, which was refused; that defendant sheriff then redeposited the money in said Midland State Bank to his own credit, where it now remains, held in trust for the benefit of whoever is entitled to it.

[1] Plaintiff claims that a certificate of deposit is only a promise to pay, but recent decisions have treated a certificate of deposit as so much cash. A duplicate notice of said notice of redemption was filed for record in the office of the register of deeds of Brookings county on October 14, 1924. The record discloses that the certificate of sale was legally assigned by Dennis & Dennis to the plaintiff, and there is no evidence to show that said Walters was agent for plaintiff. The sole basis of plaintiff's contention in the case is that the Farmers' & Merchants' Bank of Iroquois paid the redemption money to the defendant in the form of a certificate of deposit, instead of in cash. No question is raised concerning the regularity of the proceedings in redemption, or that the bank was not a redemptioner, or that the redemption was not made in due time. In an opinion written by Mr. Justice Spalding in 1908, the Supreme Court of North Da-.

kota expresses clearly the modern rule that checks, drafts, and similar media of payment are now considered by the courts as equivalents of money, in the following language:

"We find some very early cases to support this doctrine, but the decisions in such cases were made when a very small part of the business of the country was conducted by means of checks and drafts. In these days, when the commercial transactions of the country are almost universally carried on by means of bank checks and drafts, we feel that a business custom so universal should be recognized, and that payment by check issued by a reputable and solvent bank should constitute payment, unless seasonable objection is made to its receipt, and the reason specifically given, so as to give the person tendering the check an opportunity to procure and tender legal tender currency, if available. This is in accordance with the weight of modern authority." North Dakota Horse & Cattle Co. v. Serumgard, 117 N. W. 453, 17 N. D. 466, 29 L. R. A. (N. S.) 508, 138 Am. St. Rep. 717.

[2, 3] Section 1259, R. C. 1919, provides:

"An agent has authority to do everything necessary, or proper and usual in the ordinary course of business, for effecting the purpose of his agency."

Section 774, R. C. 1919, provides:

"All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated."

A certificate of deposit has the entire responsibility of the bank behind it. 3 R. C. L. 573, 574. The defendant sheriff, as the legal and responsible agent for the holder of the certificate of sale, was justified in accepting the certificate of deposit in redemption, and the same was the equivalent of money. Such acceptance, without objection to the form of payment, waived all objection which might have been obviated by the redemptioner, if objection had been made, and such waiver is binding upon the sheriff and his principal, the holder of the certificate of sale. When the sheriff cashed the certificate of deposit, three days after redemption, it related back to the date of its delivery to the sheriff, and therefore was equivalent to the actual payment of money to the sheriff on that date.

The plaintiff's contention is without merit, and the judgment and order denying a new trial are affirmed.

CAMPBELL, J., concurs in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.