SLEVIN CONTAINER CORP., Plaintiff-Appellant, *v.* PROVIDENT FEDERAL SAVINGS AND LOAN ASSOCIATION OF PEORIA, Defendant-Appellee.

Third District   No. 81-61

Opinion filed July 28, 1981.

John A. Slevin, of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

Eric E. Hasselberg and Frederick M. Sweat, both of Sweat, Sweat & Hasselberg, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action was commenced by the plaintiff, Slevin Container Corp., in the circuit court of Peoria County against Provident Federal Savings and Loan Association of Peoria, defendant, seeking a declaratory judgment that the defendant be required to release the lien of its mortgage without the payment of a prepayment penalty. The plaintiff's motion for summary judgment was decided in favor of the defendant and the plaintiff has appealed.

In 1975 Slevin Container Corp. (Slevin) borrowed from Provident Federal Savings & Loan Association of Peoria (Provident) $468,000 and executed and delivered in return therefor a promissory note which provided, in part:

(a) "The undersigned (Slevin) reserve the right to prepay this note in whole or in part at any time, but the Association (Provident) may require payment of not more than six (6) months advance interest on that part of the aggregate amount of all prepayments on the note in one year, which exceeds twenty percent (20%) of the original principal amount of the loan.

(b) [I]n the event the undersigned's interest in said real estate is transferred without the consent of the Association, the Association may increase the interest rate to eight percent (8%) per annum or

declare the entire unpaid balance of this note due, or both, by giving the undersigned written notice."

On June 14, 1980, Slevin's attorney notified Provident in writing that Slevin had sold its interest in the real estate. That letter acknowledged Provident's option of declaring the entire balance due and payable or increasing the mortgage interest to 8 percent. If Provident did not wish to exercise either option, the monthly payments on the mortgage would be made until the same was fully paid and satisfied. In response to the certified letter of June 14, 1980, Provident's attorneys responded:

"[T]he Association has made the following decisions in regard to the due-on-sale clause and the prepayment penalty:

1. In regard to the due-on-sale clause, Provident Federal will indeed exercise its option to declare the entire balance due on said mortgage in light of the fact that the property is now sold.

2. In regard to the prepayment penalty, it appears from the terms of the note that the obligation, if paid off at this time, would be subject to the prepayment penalty and, therefore, it will be added to the balance due."

Slevin tendered and Provident accepted the principal due but declined to release the mortgage until the penalty was paid, resulting in this declaratory judgment action.

In holding the penalty to be due, the trial court's theory was that the due-on-sale clause represented an unreasonable restraint on alienation and was therefore void. It followed, according to the trial court, that payment of the principal under a void requirement was a voluntary prepayment of the obligation.

On this appeal, the appellant argues the due-on-sale clause is considered to be a reasonable restraint on alienation and that the payment of the principal was not a voluntary prepayment by the obligor.

On this appeal both parties agree the due-on-sale clause is valid and constitutes a reasonable restraint on alienation of property. *Baker v. Loves Park Savings & Loan Association* (1975), 61 Ill. 2d 119, 333 N.E.2d 1, approves of such a provision in a different context than that in the instant case but the language is broad enough so that the parties concede the clause is valid and no issue arises on this appeal concerning the invalidity of the provision. See Kratovil, *A New Dilemma for Thrift Institutions: Judicial Emasculation of the Due-On-Sale Clause*, 12 J. Mar. J. Prac. & Proc. 299 (1979).

We view this appeal from the vantage point of concluding the basic premise of the trial court was erroneous. At least for the reasons given by the trial court the payment by the obligor is not a voluntary prepayment of the note.

The question remains whether the lender may both accelerate the maturity of the note upon a sale of the premises and also collect a premium or penalty for prepayment.

According to Annot., 86 A.L.R.3d 599, 605 (1978):

> "[W]here circumstances other than the mortgagor's deliberate exercise of the prepayment clause arguably have caused prepayment of the loan, the courts have examined the factual situations presented and have denied enforcement of the penalty where the mortgagor did not voluntarily mature the indebtedness."

When the premises were sold Provident had the options of (a) changing the interest to 8 percent per annum, or (b) declaring the entire balance due and owing, or (c) continuing to receive the monthly payments until the mortgage was fully paid and satisfied. None of the clauses were such that any one clause would be activated automatically. Provident had its choice and it elected to declare the unpaid balance of the note due and payable. No Illinois cases have been called to our attention where the maturity of an obligation has been accelerated by an election of the obligee upon the sale of the security. Nor do there appear to be any cases of acceleration of maturity caused by the default of the obligor.

In *General Motors Acceptance Corp. v. Uresti* (Tex. Civ. App. 1977), 553 S.W.2d 660, a case involving acceleration resulting from an election made on the application of a due-on-sale clause, the court concluded the obligee was not entitled to a prepayment penalty since once the maturity date of the obligation was accelerated by the obligee payment thereafter could not constitute prepayment of the obligation. Although not involving a due-on-sale provision *Kalpatrick v. Germania Life Insurance Co.* (1905), 186 N.Y. 163, 75 N.E. 1124, holds that where acceleration of an obligation is the result of nonpayment by the obligor the election to so accelerate is binding and may not be revoked in order to charge and collect a prepayment penalty.

We believe where the discretion to accelerate the maturity of the obligation is that of the obligee, the exercise of the election renders the payment made pursuant to the election one made after maturity and by definition not prepayment.

Provident argues that it was Slevin who forced or compelled acceleration of the maturity date because of its decision to sell the premises. However, what Slevin did or did not do about selling the premises was not the action which accelerated the maturity date of the note. That result was solely the decision of Provident, since if it so elected the mortgage payments could have been continued as in the past. We have reviewed *Berenato v. Bell Savings & Loan Association* (Pa. Super. 1980), 419 A.2d 620, relied on by Provident, and although it concludes the penalty is properly collectable for voluntary prepayment there was nothing in the

facts of the case suggesting any acceleration of the maturity of the obligation by the lendor as being an operative or relevant factor. We conclude that *Berenato* offers no support for permitting the charge of a prepayment penalty in the instant case.

For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded with directions.

BARRY and HEIPLE, JJ., concur.