AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION OF MADISON and First Federal Savings and Loan Association of Beresford, Plaintiffs and Appellants,

v.

MID–AMERICA SERVICE CORPORATION, Berkshire Investment Company, and United Federal Savings and Loan Association of Aberdeen, Defendants and Appellees.

No. 13806.

Supreme Court of South Dakota.

Argued Nov. 16, 1982.

Decided Jan. 19, 1983.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for plaintiffs and appellants.

Ray Schutz of Siegel, Barnett & Schutz, Aberdeen, for defendants-appellees, Mid-America Service Corp. & United Federal Sav. & Loan of Aberdeen.

Dennis Maloney, Aberdeen, for defendant-appellee, Berkshire Inv. Co.

FOSHEIM, Chief Justice.

This action was before the trial court on stipulated facts and one stipulated issue. Stipulation No. 17 reads:

That the sole issue for determination by the Court is the rights of the respective parties relating to the pre-payment interest penalty portion of the South Dakota Real Estate Notes under a factual situation when the Mortgage has been called due and payable under the due on sale clause and the claim of Plaintiffs to attorney fees and other costs in connection therewith.

The trial court decided no prepayment penalty was due Plaintiffs American Federal Savings & Loan Association of Madison (American Federal) and First Federal Savings & Loan Association of Beresford (First Federal) and that the tender of Defendant United Federal Savings & Loan Association of Aberdeen (United Federal) relieved defendants from liability to plaintiffs for all subsequent interest, costs and attorney's fees. Plaintiffs appeal. We affirm.

On December 22, 1976, Defendant Berkshire Investment Company (Berkshire) mortgaged certain real property to plaintiffs. This encumbrance secured separate notes from Berkshire in favor of American Federal and First Federal.

The due-on-sale clause in the mortgage reads:

> If there shall be any change in the ownership of the premises, covered hereby, without the consent of the Mortgagee, the entire principal and all accrued interest shall become due and payable at the election of the mortgagee and foreclosure proceedings may be instituted thereon.

The prepayment clause in the notes reads:

> This note may be paid at any time on payment of a bonus equal to three months interest. The holder may rearrange, adjust and extend the time and amounts of payments of interest and/or principal of this note by agreement with the present or subsequent owner of the real estate securing the same, without notice to or consent of and without releasing any party liable hereon.

On August 1, 1981, Defendant Berkshire transferred the mortgaged property, without prior consent of plaintiffs, to Defendant Mid-America Service Corporation. Defendant United Federal took a second mortgage on the property, dated August 11, 1981. On September 28, 1981, plaintiffs notified Mid-America that Berkshire was in default under the due-on sale clause of the mortgage and that "The undersigned [attorney for plaintiffs] hereby elects to declare the whole balance of the mortgage plus accrued interest ... due at once.... If the sum ... is not received within thirty (30) days, the undersigned will proceed to foreclose said mortgage pursuant to law."

On October 31, 1981, Defendant United Federal tendered to plaintiffs payment of the outstanding amount due on the notes and mortgage, less the prepayment penalty. The tender was refused. Plaintiffs' summons and complaint was filed on November 5, 1981, and served on United Federal on November 16, 1981.

The first issue is whether the trial court correctly decided that plaintiffs are not entitled to three months' prepayment bonus. This is an issue of first impression in South Dakota. The trial court based its decision to deny the bonus on *Slevin Container Corp. v. Provident Federal Savings & Loan Assoc.*, 98 Ill.App.3d 646, 54 Ill.Dec. 189, 424 N.E.2d 939 (1981).[1] On similar facts, *Sleven,* 54 Ill.Dec. at 190, 424 N.E.2d at 940, defined the issue as whether the lender may both accelerate the maturity of the note upon a sale of the premises and also collect a premium or penalty for prepayment." Relying on Annot., 86 A.L.R.3d 599,[2] *General Motors Acceptance Corp. v. Uresti,* 553 S.W.2d 660 (Tx.Civ.App.1977),[3]

**1.** Plaintiffs cite *Berenato v. Bell Savings & Loan Assoc.*, 276 Pa.S. 599, 419 A.2d 620 (1980) and *West Portland Development Co. v. Ward Cook, Inc.*, 246 Or. 67, 424 P.2d 212 (1967), to support their claim to the bonus. As these cases are distinguishable on the facts and the issues, they do not support plaintiffs' argument.

**2.** *Slevin* quotes from the annotation, at 605: "[W]here the circumstances other than the mortgagor's deliberate exercise of the prepayment clause arguably have caused prepayment of the loan, the courts have examined the factu-

al situations presented and have denied enforcement of the penalty where the mortgagor did not voluntarily mature the indebtedness." 54 Ill.Dec., at 190, 424 N.E.2d, at 940.

**3.** *Slevin* describes *Uresti* as "a case involving acceleration resulting from an election made on the application of a due-on-sale clause, the court conclud[ing] the obligee was not entitled to a prepayment penalty since once the maturity date of the obligation was accelerated by the obligee payment thereafter could not constitute prepayment of the obligation." *Id.*

and *Kilpatrick v. Germania Life Insurance Co.,* 183 N.Y. 163, 75 N.E. 1124 (1905),[4] *Slevin,* 54 Ill.Dec. at 191, 424 N.E.2d at 941, held that "where the discretion to accelerate the maturity of the obligation is that of the obligee, the exercise of the election renders the payment made pursuant to the election made after maturity and by definition not prepayment." We agree with this holding and its rationale. It is an equitable application of the general rule stated in the ALR annotation and is consistent with our previous decisions recognizing that a due-on-sale clause is a type of acceleration clause which is triggered at the mortgage holder's option. *First Federal Savings & Loan Ass'n., Etc. v. Wick,* 322 N.W.2d 860 (S.D.1982); *First Federal Savings & Loan Ass'n. v. Kelly,* 312 N.W.2d 476 (S.D.1981). In this case the mortgagee, not the mortgagor, voluntarily matured the indebtedness.

■ The next issue is whether the trial court correctly decided that Defendant United Federal's tender discharged defendants from liability for all subsequent interest, costs and attorney's fees, pursuant to SDCL 57A–3–604.[5] The threshold question, however, is whether the trial court had jurisdiction to decide this issue in light of stipulation No. 17, quoted above, which limited the controversy to the bonus issue. Foreclosure of a mortgage is an equitable action and a court in equity has the power and the right to grant full and complete legal and equitable relief. Thus the trial court had jurisdiction to decide whether it was equitable to allow plaintiffs prejudgment interest, costs, and fees in light of United Federal's tender. *Skubal v. Meeker,* 279 N.W.2d 23 (Ia.1979); *Ogle v. Lincoln*

*Real Estate, Inc.,* 209 Neb. 704, 310 N.W.2d 513 (1981); *Wick, supra; Kelly, supra; City of Sioux Falls v. Hossack,* 69 S.D. 21, 5 N.W.2d 880 (1942); 83 C.J.S., *Stipulations,* § 22; *See, Lass v. Erickson,* 74 S.D. 503, 54 N.W.2d 741 (1952); Annot., 12 A.L.R. 938.

Since tender is not defined by the Uniform Commercial Code, SDCL, Title 57A, we look to SDCL ch. 20–5, and interpretive case law, to determine if United Federal's tender was legally sufficient to stop the running of interest, costs and attorney's fees. SDCL 57A–1–103; 3 *Anderson on the Uniform Commercial Code* § 3–604:4 (2nd ed. 1971).

■ Plaintiffs argue that under *Pittsburg Plate Glass Co. v. Leary,* 25 S.D. 256, 126 N.W. 271 (1910), the tender was insufficient because it imposed an impermissible condition on its acceptance. SDCL 20–5–13 states: "When a debtor is entitled to the performance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition." SDCL 20–5–14 states: "A debtor has a right to require from his creditor a written receipt for any property delivered in performance of his obligation." United Federal's tender was conditioned by the following: "Said tender, of course, is with the understanding that proper satisfactions of the mortgage or mortgages, as the case may be, would be executed and delivered forthwith to the United Federal Savings and Loan Association."

In *Pittsburg Plate Glass* the plaintiff subcontractor filed a mechanic's lien for $1,679.51, representing the value of glass plaintiff supplied for a building. The lien included the value of two plates of glass

---

4. *Slevin* notes that this case does not involve a due-on-sale clause but that it held "that where acceleration of an obligation is the result of nonpayment by the obligor the election to so accelerate is binding and may not be revoked in order to charge and collect a prepayment penalty." *Id.,* 54 Ill.Dec. at 190–91, 424 N.E.2d at 940–41.

5. SDCL 57A–3–604 reads:
   (1) Any party making tender of full payment to a holder when or after it is due is discharged

to the extent of all subsequent liability for interest, costs and attorney's fees.
   (2) The holder's refusal of such tender wholly discharges any party who has a right to or recourse against the party making the tender.
   (3) Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due, it is equivalent to tender.

which broke into fragments before reaching the building. Defendant contractor tendered plaintiff an amount which did not include the value of the broken plates, with the condition that the lien be satisfied in full and discharged. Plaintiff refused the tender under these terms. Upon suit to enforce the lien, the trial court found that plaintiff was not entitled to money for the broken plates of glass and that defendant's tender did not stop the running of the interest. The trial court was affirmed on appeal, this court explaining:

> Under the common law every tender made, in order to defeat the running of interest or to effect the incidents to the main obligation, had to be unconditional. This has been changed so that the party tendering payment has a right to insist upon a written receipt of the amount paid or (if under the law he is entitled to any other instrument of discharge, such as a discharge of lien) he is entitled to receive a written discharge to the extent of the amount paid; and in this case, if the sum tendered had been tendered without any conditions whatever, the lien would have been destroyed (if it had been tendered with the condition only that plaintiff deliver a satisfaction of said lien in the sum of the amount tendered, such lien would have been destroyed). But under the Civil Code the party has no right, any more than he would have had under the common law, when tendering a payment, to require a receipt in full or a satisfaction in full of the lien, or, in other words, *when one party is honestly claiming a greater amount to be due than the other party concedes, he cannot be put in position of running the risk of losing his lien, not only upon the disputed claim, but also upon the undisputed part, by failing to receive the smaller amount in full; but he has the right to test the validity of his further claim, and the condition attached to the tender must be such as to leave him free to contest such right.* (Emphasis added)

*Id.* 126 N.W. at 274–75 (citations omitted). Applying that standard, we believe United Federal's tender was legally insufficient.

Plaintiffs had a right to test the validity of their greater claim. *See, Eberle v. McKeown,* 83 S.D. 345, 159 N.W.2d 391 (1968).

Defendants argue that the trial court correctly denied prejudgment interest, etc., because plaintiffs waived objection to United Federal's tender. SDCL 20–5–15 states: "All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor, if not then stated." There is nothing in the record indicating plaintiffs did not have an opportunity to state their objections at the time of tender or that any objection could not have been obviated by United Federal. The record discloses that plaintiffs did not object to the tender. By way of explanation, plaintiffs argue that their summons and complaint stands as their objection to the tender. We find this argument unpersuasive. The obvious purpose of SDCL 20–5–15 is to allow the debtor an opportunity to then and there correct an insufficient tender. The subsequent service of a summons and complaint was not an opportunity to cure, it was the commencement of a lawsuit. We conclude that plaintiffs waived objection to United Federal's tender and that the trial court correctly ruled the tender discharged defendants from liability for interest, costs and attorney's fees. SDCL 57A–3–604: *See Walters v. Roberts,* 50 S.D. 65, 208 N.W. 163 (1926); *J.I. Case Threshing Machine Co. v. Farnsworth,* 28 S.D. 432, 134 N.W. 819 (1912).

The judgment of the trial court is affirmed.

All the Justices concur.