Patrick EYDE, Michael G. Eyde, Mary Ann Eyde, and Eyde Brothers Development Company, a Michigan co-partnership, Plaintiffs,

v.

EMPIRE OF AMERICA FEDERAL SAVINGS BANK, a foreign corporation; and Federal Home Loan Mortgage Corp., a foreign corporation, jointly and severally, Defendants.

No. 88–CV–71049–DT.

United States District Court, E.D. Michigan, S.D.

Oct. 6, 1988.

Joseph A. Farhat, East Lansing, Mich., for plaintiffs.

Robert J. McCullen, Lansing, Mich., Mark S. Allard, Grand Rapids, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This cause of action arises out of a dispute between the parties concerning prepayment premiums assessed against the Plaintiffs by the Defendants, for the prepayment of two promissory notes. Plaintiffs paid the premiums under protest and are now moving for Summary Judgment on their claim they are entitled to a refund.

### I. FACTS

On October 9, 1973, Plaintiffs Patrick Eyde, Mary Ann Eyde and Michael G. Eyde borrowed Two Million Two Hundred Fifty Thousand Dollars ($2,250,000) from Metropolitan Savings Association ("Metropolitan"). In return, Metropolitan accepted a promissory note and corresponding mortgage which will be referred to as "Note A" and "Mortgage A." Pursuant to the terms of Note A, the Plaintiffs were to pay $18,-915.28 on the 15th day of each month commencing on November 15, 1973.

On February 27, 1975, Plaintiffs Patrick Eyde, Mary Ann Eyde and Michael G. Eyde borrowed Three Million Seven Hundred Eighty-seven Thousand Five Hundred Dollars ($3,787,500) from Metropolitan. In return, Metropolitan accepted a promissory note and corresponding mortgage which will be referred to as "Note B" and "Mortgage B." Pursuant to the terms of Note B, the Plaintiffs were to pay $31,847.36 on the 15th day of each month beginning April 15, 1975.

Each note included, in part, a prepayment clause which provided that a premium would be assessed upon prepayment by Plaintiffs. Both notes also provided, in part, an escrow account would be established and maintained by the lender to cover real estate taxes, insurance and assessments.

Defendants Empire of America Federal Savings Bank ("Empire") and Federal Home Loan Mortgage Corporation ("FHLMC") are successors in interest to Metropolitan as to Note A, Note B, and the respective Mortgages.

In January 1986, Plaintiffs informed Defendants they wished to prepay the loans and inquired if the prepayment charges would be waived. They were told by Defendants that no waiver was available and that the prepayment charges would be assessed. In April 1986, the Plaintiffs offered to tender payment on the Notes. However, their offer of tender did not include the prepayment charges. Therefore, Empire did not accept the Plaintiffs' tender. Thereafter, the Plaintiffs failed to make the scheduled monthly payments on either of the Notes.

As a result of nonpayment of the amounts due under the Notes, Empire declared the entire amount under each Note and Mortgage due and payable. On March 16, 1986, Empire initiated foreclosure proceedings on both of the properties securing the loans.

In order to avoid foreclosure, on March 20, 1987 the Plaintiffs paid the sums due

pursuant to Notes A and B and Mortgages A and B, including the prepayment charges. The prepayment charges were paid under protest.

## II.  SUMMARY JUDGMENT

Plaintiffs argue they are entitled to a refund of the prepayment charges and pray for partial summary judgment in that regard. Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers,* 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.,* 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics,*

*Inc.,* 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant and thus summary judgment is appropriate. *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2553; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

## III.  DISMISSAL 12(b)(6)

Additionally, both Defendants have motioned to dismiss Plaintiffs' claim that the prepayment penalties as to Note B are inappropriate.

Defendants address their motion as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of the Plaintiffs' Complaint. *Davey v. Tomlinson,* 627 F.Supp. 1458, 1463 (E.D.Mich.1986); *Hudson v. Johnson,* 619 F.Supp. 1539, 1542 (E.D. Mich.1985). "In Evaluating the propriety of a dismissal under Rule 12(b)(6), the factual allegations in the complaint must be treated as true." *Janan v. Trammell,* 785 F.2d 557, 558 (6th Cir.1986); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Plaintiffs' claims shall not be dismissed unless it is established that the Plaintiffs cannot prove beyond doubt any set of facts to support their claim that would entitle them to relief. *Janan,* 785 F.2d at 558.

## IV.  PREPAYMENT PREMIUMS

There is no dispute that reasonable prepayment premiums are enforceable. They serve a valid purpose in compensating at least in part for the anticipated interest a lender will not receive if a loan is paid off prematurely.

Among other things, a prepayment premium insures the lender against loss of his

bargain if interest rates decline. It is well settled, however, a lender may lose its right to a premium when it elects to accelerate a debt. This is so because acceleration, by definition, advances the maturity date of the debt so the payment thereafter is not made a prepayment but instead is payment after maturity. Several courts have held a lender cannot assess a prepayment penalty even when the lender accelerates the balance due because of the borrower's default. *Tan v. California Fed. Sav. & Loan Assn.* (1983) 140 Cal.App.3d 800, 810–811, 189 Cal.Rptr. 775; *Slevin Container Corp. v. Provident Fed. Sav.* (1981) 98 Ill.App.3d 646, 54 Ill.Dec. 189, 190–191, 424 N.E.2d 939, 940–941; *McCarthy v. Louisiana Timeshare Venture* (La. App. 4th Cir.1982) 426 So.2d 1342, 1346; *American Fed. Sav. v. Mid–America Service* (S.D.1983) 329 N.W.2d 124, 125–126; *Matter of LHD Realty Corp.*, 726 F.2d 327, 330–331 (7th Cir.1984).

### V.

To properly address the facts of this case, it is necessary to discuss Note A and Note B separately.

### A. NOTE B AND MORTGAGE B

Note B was accelerated because the Plaintiffs defaulted by not making monthly payments. In accordance with the case law cited above, because the lender accelerated it should not be entitled to receive a prepayment premium. This is so even though the Plaintiffs defaulted on the Note. However, both Plaintiff and Defendants agreed to a prepayment penalty even in the event of acceleration by the lender.

Note B, dated February 27, 1975 and signed by all of the Plaintiffs, clearly and unambiguously provides for a prepayment premium, even if the amount due on the Note is accelerated by the lender. The pertinent language reads: "The undersigned shall pay the holder hereof together with any prepayment *including prepayments occurring as a result of the acceleration by the holder hereof* of the principal amount of this Note ... a percentage of the amount prepaid in excess of any

amount upon which a charge is not permitted by applicable law...." (Emphasis added by Court)

There appears to be no case law in Michigan which specifically addresses contractual prepayment clauses. However, the Court cites to *Pacific Trust Company v. Fidelity Federal Savings,* 184 Cal.App.3d 817, 229 Cal.Rptr. 269 (1986) as persuasive authority. In that case the prepayment clause stated that prepayment charges would be paid following "any prepayment effected by the holder's exercise of the Acceleration Clause ..." Id. at 819, 229 Cal.Rptr. at 271. The mortgagors missed a monthly installment, and thereafter made no further payments on their Mortgage Note. The mortgagee accelerated the balance due and commenced foreclosure proceedings. The plaintiff paid the prepayment charge under protest, and filed an action seeking its return.

The court first pointed out that none of the cases relied upon by the mortgagor denying collection of a prepayment charge involved language evidencing the intent of the parties to allow the mortgagee to collect prepayment charges even after acceleration. The court stated that this was a matter of contract, and that the intent of the parties was clear. Since the parties had contractually agreed to allow the mortgagee to collect a prepayment penalty even upon acceleration for default, the court upheld an order for summary disposition against the mortgagor.

In the present case, however, Plaintiffs argue Defendants' acceleration was due not because of default, but rather as a result of Plaintiffs' alleged violation of a due on sale provision. Plaintiffs submit that since Defendants elected this option as their basis for accelerating the indebtedness, the application of *Pacific* is inappropriate. The Court finds this contention to be without merit.

Initially, it should be noted that in *Pacific,* "[t]he parties to the note unquestionably intended that the lender could impose a prepayment charge after accelerating the obligation *upon the buyers default." Id.* at 822, 229 Cal.Rptr. at 274.

(Emphasis added.) In the present case, however, it is immaterial whether the Defendants accelerated either because of Plaintiffs' default or Plaintiffs' violation of the due on sale provision. The clear intent of the parties was to give the Defendant the right to collect a prepayment charge in the event they accelerated payment. Nothing in the language of Note B indicates Defendants were limited to collecting a prepayment penalty only for acceleration upon default of the Plaintiff. The Court, however, is of the opinion that if the Defendants had accelerated for absolutely no legitimate reason, then perhaps the prepayment charge would have been inappropriate. That is not true of the present case.

Therefore, Plaintiffs' Motion for Summary Judgment for a refund of the prepayment premium on Note B is DENIED. Additionally, Defendants' Motion to Dismiss that portion of Count I of Plaintiffs' Complaint which requests a refund of the prepayment premium on Note B is GRANTED.

### B. NOTE A & MORTGAGE A

■ Note A presents a slightly different situation. Unlike Note B, Note A does not contain a provision allowing for prepayment premiums in the event the lender accelerates payment. According to the caselaw cited above, since the lender accelerated payment it should not be allowed to collect the prepayment premium. There may be, however, an exception applicable in this case. In the matter of *LHD Realty*, the court recognized there may be situations in which collection of the prepayment penalty upon acceleration by the lender would be appropriate regardless of an agreement to that effect between the parties. *LHD Realty*, 726 F.2d at 331. One such situation would be as follows: The borrower intentionally defaults on the note in an attempt to force the lender to accelerate payment. Since the lender accelerated, the borrower would avoid prepayment liability. The court in *LHD Realty* believed, as does this Court, that the above scenario "seems implausible given the ramifications of default for a borrower's credit rating...." But the facts in the present case seem to indicate there may have been an intentional default. After all, the Plaintiffs attempted to tender payment without the prepayment premiums before they defaulted. A question is raised as to why all of a sudden, after attempting to tender full payment, the borrowers defaulted.

It is the opinion of this Court that there exists a question of fact as to whether Plaintiffs intentionally defaulted. Therefore, Plaintiffs' Motion for Summary Judgment for a refund of the prepayment premium on Note A is DENIED.

■ Included in Plaintiffs' Motion for Summary Judgment is a request for an accounting of the escrow records. Michigan law is very clear in this regard. An accounting is an equitable remedy and a plaintiff's entitlement to that remedy must be determined by the facts alleged in his pleadings rather than by reference to his prayer for relief. *Marshall v. Ullmann*, 335 Mich. 66, 55 N.W.2d 731 (1952); *Boyd v. Nelson Credit Centers, Inc.*, 132 Mich. App. 774, 348 N.W.2d 25 (1984). Plaintiffs have no right to proceed in equity if they have an adequate remedy at law. *Petrie v. Torrent*, 88 Mich. 43 (1891). Furthermore, the burden of proof is upon Plaintiffs to show that they do not have an adequate remedy at law. *Nichols v. Martin*, 277 Mich. 305, 269 N.W. 183 (1936).

■ Finally, an accounting is unnecessary where discovery is sufficient to determine the amounts at issue. *Boyd*, 132 Mich.App. at 779, 348 N.W.2d 25. Therefore, because Plaintiffs' Complaint seeks money damages, a legal claim, and an accounting is an equitable claim, Plaintiffs' request for an accounting is DENIED. The Court believes Plaintiffs can obtain information to which they are entitled by way of proper discovery methods.

IT IS SO ORDERED.