665 N.E.2d 843 (1996)
Deborah A. ZWAYER, on behalf of herself and all others similarly situated, and Eddie Roper, Plaintiffs-Appellees,
v.
FORD MOTOR CREDIT COMPANY, Defendant-Appellant.
Sandra BISHOP and Edith Terrell, Counterplaintiffs-Appellees,
v.
Ford Motor Credit Company, Counterdefendant-Appellant.
No. 1-94-1646.
Appellate Court of Illinois, First District, First Division.
April 15, 1996.
Rehearing Denied May 21, 1996.
As Modified Upon Denial of Rehearing May 28, 1996.
*844 Sidley & Austin, Chicago (George A. Platz, David B. Johnson, Robert E. Easton, of counsel), for Appellant Ford Motor.
Much, Shelist, Freed, Donenberg & Ament, P.C., Chicago (Michael B. Hyman, William H. London, of counsel) and Law Offices of Eric D. Freed, Chicago (Eric D. Freed, of counsel), for Appellee Deborah A. Zwayer.
Edelman & Combs, Chicago (Daniel A. Edelman, Cathleen M. Combs, Michelle A. Weinberg, of counsel), and Lawrence Walner & Associates, Chicago (Lawrence Walner, of counsel), for Appellees Edith Terrell and Eddie Roper.

MODIFIED UPON DENIAL OF REHEARING
Justice BUCKLEY delivered the opinion of the court:
This is an interlocutory appeal arising from the trial court's partial denial of defendant's motion to dismiss. We granted leave to appeal the following two questions certified by the trial court: (1) whether the terms of plaintiffs' motor vehicle retail installment form contracts permit computation of the plaintiffs' finance-charge refund by the sum-of-the-digits method when payments are accelerated because of default, and (2) if not, whether section 7 of the Illinois Motor Vehicle Retail Installment Sales Act (815 ILCS 375/7 (West 1994)) permits computation of plaintiffs' finance-charge refund by the sum of the digits when payments are accelerated because of default.
Plaintiffs are a class of consumers of Ford/Mercury automobiles who financed the purchase of their vehicles by entering into retail installment contracts which were assigned to defendant, Ford Motor Credit Company (FMCC). The contracts were all on a standard form provided by defendant. The front side of the contract shows a box containing the key financing terms and a statement directing the reader to "additional information" elsewhere in the contract. The back side contains the heading "ADDITIONAL AGREEMENTS." Paragraph A under that heading, entitled "Payments," states
"You may prepay your debt at any time. If you prepay in full, you will get a refund of part of the Finance Charge. The refund will be figured by the sum of the digits method * * *."
Paragraph F, entitled "Default", states that in the case of a default,
"the Creditor may require you to pay at once all remaining payments less a refund of part of the Finance Charge. He may repossess (take back) the vehicle too."
Plaintiffs defaulted on their loans and defendant repossessed and sold the vehicles. In determining the amount still due under the contracts, defendant applied the "sum of the digits" or "Rule of 78" method of computing *845 the amount of the finance charge to be refunded. Under the Rule of 78, the interest component of payments in the beginning of the loan is a higher percentage of the outstanding balance than the agreed-upon interest rate. Joel G. Siegel and Frank Grippo, Evaluating Your Client's Debt Position, National Public Accountant, 42 (Sept. 1993). Under the "actuarial" method, on the other hand, the interest component of each payment is determined by simply applying the interest rate to the outstanding balance. Therefore, the unearned finance charge to be refunded after payment upon acceleration is less under the Rule of 78 than under the actuarial method.

CONTRACT PROVISIONS
The first question certified for our review is whether defendant's standard form contract allows defendant to apply the sum-of-the-digits method in computing the amount of the finance-charge refund upon acceleration. Defendant claims that acceleration is a form of prepayment, and, therefore, the contract allows application of the Rule of 78 under Paragraph A, which provides for a sum-of-the-digits method of computing the refund upon prepayment.
Defendant's contention is erroneous. In Slevin Container Corp. v. Provident Federal Savings & Loan Ass'n, 98 Ill.App.3d 646, 54 Ill.Dec. 189, 424 N.E.2d 939 (1981), a mortgage contract imposed a prepayment penalty if the borrower paid the loan before maturity. The contract also contained a due-on-sale clause which provided that the lender may declare the entire loan due immediately if the borrower sold the secured property. Sometime later, the borrower sold the property, and the lender accelerated the maturity date of the loan. The borrower paid the principal due, but the lender claimed that payment upon acceleration is essentially a prepayment and refused to release the mortgage until the borrower paid a prepayment penalty. Slevin, 98 Ill.App.3d at 647-48, 54 Ill.Dec. at 189-90, 424 N.E.2d at 939-40.
The court held that payment upon acceleration is not a prepayment. "[W]here the discretion to accelerate the maturity of the obligation is that of the obligee, the exercise of the election renders the payment made pursuant to the election one made after maturity and by definition not prepayment." Slevin, 98 Ill.App.3d at 648, 54 Ill.Dec. at 191, 424 N.E.2d at 941. The court rejected the lender's contention that the borrower's sale of the secured property forced the lender to accelerate the loan, noting that the contract afforded the lender the choice of whether to accelerate. Slevin, 98 Ill.App.3d at 648, 54 Ill.Dec. at 191, 424 N.E.2d at 941. Therefore, the court held that the lender was not entitled to a prepayment penalty. Slevin, 98 Ill.App.3d at 649, 54 Ill.Dec. at 191, 424 N.E.2d at 941; see also In re LHD Realty Corp., 726 F.2d 327, 331 (7th Cir.1984) (holding that "[i]t is not appropriate * * * for the lender to receive a prepayment premium in lieu of the interest foregone since it has voluntarily waived the unpaid interest in the expectation of accelerated payment of the remaining principal.").
In this case, defendant's standard form contract specifies that if the borrower voluntarily prepays the loan, the refund will be calculated by the sum-of-the-digits method. This is essentially a prepayment penalty because the sum-of-the-digits method does not provide an accurate approximation of the unearned finance charge. Ballew v. Associates Financial Services Co., 450 F.Supp. 253, 258 (D.Neb.1976); James H. Hunt, The Rule of 78: Hidden Penalty for Prepayment in Consumer Credit Transactions, 55 B.U.L.Rev. 331, 338 (1975). Upon default, however, the contract merely states that the creditor "may require [the borrower] to pay at once all remaining payments less a refund of part of the Finance Charge." There is no provision specifying that the Rule of 78 will be applied in calculating the refund upon acceleration. Since payment upon defendant's choice to accelerate the maturity date of the loan is not prepayment, defendant is not entitled to assess a prepayment penalty in the form of a sum of the digits financing charge refund under Paragraph A.
Defendant has mistakenly relied on the Federal Truth in Lending Act (TILA) for its proposition that payment upon acceleration is prepayment. While we acknowledge that some of the language in TILA and the case law is consistent with defendant's contention, *846 TILA involves required disclosures. 15 U.S.C. § 1638(a) (1994). Plaintiffs in this case have not alleged that defendant failed to provide a required disclosure in violation of TILA. Rather, they have brought a State action claiming that under the terms of defendant's standard form contract, defendant was required to apply the actuarial method, not the sum-of-the-digits method. Therefore, TILA is not relevant to this case.
The language of the contract lacks any provision specifying which method will be employed in calculating the refund upon acceleration. Therefore, the threshold question is whether the contract is ambiguous. Ford v. Dovenmuehle Mortgage, Inc., 273 Ill.App.3d 240, 244, 209 Ill.Dec. 573, 576, 651 N.E.2d 751, 754 (1995). The contract is ambiguous if it is susceptible to more than one reasonable interpretation. Ford, 273 Ill. App.3d at 244, 209 Ill.Dec. at 576, 651 N.E.2d at 754. Ambiguous contracts are generally construed against the drafter. Duldulao v. St. Mary of Nazareth Hospital Center, 115 Ill.2d 482, 493, 106 Ill.Dec. 8, 13, 505 N.E.2d 314, 319 (1987).
We find that defendant's standard form contract in this case is ambiguous because it is susceptible to more than one reasonable interpretation, and, therefore, it must be construed in favor of plaintiffs. Although a contract is not ambiguous simply because the parties disagree as to its meaning (Ford, 273 Ill.App.3d at 244, 209 Ill.Dec. at 576, 651 N.E.2d at 754), the positions advocated by the parties here reflect opposing reasonable interpretations. Defendant claims that the refund under the acceleration provision should be calculated the same way as that under the prepayment provision because the meaning of a contract must be determined by examining the contract as a whole. La Throp v. Bell Federal Savings & Loan Ass'n, 68 Ill.2d 375, 381, 12 Ill.Dec. 565, 568, 370 N.E.2d 188, 191 (1977). Plaintiffs, on the other hand, insist that a reasonable person reading the contract would conclude that the actuarial method is to be applied in the event of acceleration because the actuarial method is "economic reality" in that it "applies the effective interest rate to the total amount owed consistently among periods." Prabel v. Commissioner of Internal Revenue, 882 F.2d 820, 826-27 (3rd Cir.1989). These are both reasonable interpretations. Therefore, the contract is ambiguous, and it must be construed against defendant. Duldulao, 115 Ill.2d at 493, 106 Ill.Dec. at 13, 505 N.E.2d at 319.
Therefore, we find that the terms of plaintiffs' motor vehicle retail installment form contracts do not permit computation of the plaintiffs' finance-charge refund by the sum-of-the-digits method when payments are accelerated because of default.

ILLINOIS MOTOR VEHICLE RETAIL INSTALLMENT SALES ACT
The second certified question is whether the Illinois Motor Vehicle Retail Installment Sales Act (MVRISA) permits computation of the plaintiffs' finance-charge refund by the sum-of-the-digits method. Section 7 of MVRISA provides that despite any agreement to the contrary, a purchaser under a retail installment contract may prepay the contract before maturity and receive a refund of the finance charge "at least as great" as that produced by the sum-of-the-digits method. 815 ILCS 375/7 (West 1994). Defendant contends that under this statute, it is entitled to apply the sum-of-the-digits method upon its decision to accelerate the maturity date.
We disagree. The statute provides protection for the purchaser. It preempts any contractual provision that would deny the purchaser the right to prepay, and it requires that the lender must issue a refund of the unearned finance charge in an amount at least as great as that calculated by the sum-of-the-digits method. The statute only permits calculation of the finance charge refund by the Rule of 78 if expressly provided in the contract. It does not provide a contract provision implied by law. There is no such provision in the contract, and we will not judicially add one.
Furthermore, as discussed above, payment pursuant to acceleration of the maturity date by the lender is, by definition, not a prepayment. LHD, 726 F.2d at 330-31; Slevin, 98 Ill.App.3d at 648, 54 Ill.Dec. at 191, 424 N.E.2d at 941. The statute ensures the purchaser's *847 right to voluntarily prepay and receive a refund; it contains no provision related to acceleration. Therefore, MVRISA is inapplicable to the facts of this case.
Therefore, we find that section 7 of the Illinois Motor Vehicle Retail Installment Sales Act does not permit computation of plaintiffs' finance-charge refund by the sum-of-the-digits method when payments are accelerated because of default, unless expressly provided in the contract.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
CAMPBELL, P.J. and WOLFSON, J., concur.