## NELSON v. LYBECK et al.

No application for a new trial having been made, the findings of a referee, adopted by the court, are conclusive on appeal.

Defendants L. executed a deed to complainant, intending that it should not take effect until after their death, and then only in case complainant should have performed a contract to care for the grantors during their lives. Neither the deed nor the contract was ever delivered, nor was it recorded by or with the consent or authority of either of defendants L., and though complainant and his wife thereafter rendered services in caring for the grantors, who were his parents, such services were no different from such as he and his wife would have rendered without such contract. **Held,** that there was neither such assent nor performance of the contract as entitled complainant to enforce specific performance thereof as against his parents and their subsequent grantee of the property during their lives.

The presumption that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation, as provided by Rev. Civ. Code, § 2341, is not a conclusive one, and does not apply to all agreements to transfer real property.

(Opinion filed, April 2, 1907.)

Apeal from Circuit Court, Lincoln County. Hon. JOSEPH W. JONES, Judge.

Action by Johannes Nelson against Nels Lybeck and others. From a judgment for defendant, complainant appeals. Affirmed.

C. B. Kennedy, for appellant. Cuthbert & Carlson (Brown & Brown, of counsel), for respondents.

HANEY, J. In this action the plaintiff demanded judgment (1) that a certain written contract be reformed; (2) for costs;

and (3) for such other and further relief as might be deemed equitable. The cause was tried by a referee, both parties moved for judgment upon his report, defendants' motion was granted, and judgment was entered in favor of the defendants, adjudging the contract to be null and void, dismissing the complaint upon the merits, directing the notice of pendency of action to be canceled of record, and for costs, from which judgment the plaintiff appealed.

The referee found the facts to be substantially as follows: The Lybecks were husband and wife, owning and occupying as a homestead the W. ½ of the N. E. ¼ of section 23 township 97 N. of range 49 W. of the fifth P. M.; record title thereto being in the husband until on or about May 14, 1900, when they conveyed the same to the defendant Albue. The plaintiff is the son of Nels Lybeck by a former marriage, there being no issue of the marriage of Nels and Maria. In January, 1893, the Lybecks, having decided to devise the land above described to the plaintiff, requested one L. H. Larsen to prepare the following instrument:

"Know all men by these presents, that whereas Nels Lybeck and Maria Lybeck, husband and wife, of Lincoln county, state of South Dakota, have this day executed a warranty deed to Johannes Nelson, he being the son of the said Nels Lybeck and Maria Lybeck, to the following described premises, as follows: West half of southeast quarter of section 23, township 97, range 49 west of the fifth P. M., containing eighty acres; the intention being that the said deed shall remain the property of the said Nels Lybeck and wife during their natural life, and that this deed (herebefore referred to) shall be turned over to the said Johannes Nelson at the death of both parties of the first part, the said Nels Lybeck and Maria Lybeck, and the said Johannes Nelson shall then be the owners of the said land described in the said deed absolutely as hereinafter provided: The said Johannes Nelson, son of Nels Lybeck, does hereby agree and promise as part consideration for said land that he shall care for and look after his father, the said Nels Lybeck, and Maria Lybeck, in case they shall be taken sick, and shall see that they are not in need of anything pertaining to their support or care in case of sickness, and shall in all things treat them as a son should treat his parents. If the said Johannes Nel-

son should not so treat the said Nels Lybeck and Maria Lybeck, then the deed hereinbefore referred to be void, and the said Lybeck and Maria Lybeck can deed the said land to whomsoever they see fit; otherwise, shall remain in full force and effect.

"In witness whereof, we have hereunto subscribed our names this 24th day of January, A. D. 1893.       Nels Lybeck.

her<br>"Maria L. X Lybeck.<br>mark

"L. H. Larsen, Witness to Mark."

At the same time, as a part of the same transaction, Larsen prepared a warranty deed from the Lybecks to the plaintiff, wherein the land was described as in the foregoing instrument. In drawing these instruments Larsen made a mistake in the description of the land; it having been the intention to describe the land owned by the Lybecks above mentioned. The deed, "Exhibit A," was retained by defendant Nels Lybeck. The other instrument, "Exhibit I," was "left with said Larsen for safe-keeping"; the plaintiff having been informed of what had been done. The Lybecks did not, at the time of executing Exhibits A and I, intend thereby to convey to the plaintiff any present, interest or estate in, or right or title to, the said land, or any part thereof, "but did intend that such instruments should be entirely testamentary in their character and effect." Neither exhibit was ever delivered to the plaintiff, or to any other person for him, nor recorded by or with the consent or authority of either of the Lybecks. Plaintiff, at all times after the execution of these exhibits, acted towards the Lybecks as a good, kind, and dutiful son, was, whenever occasion required, ever ready and willing in case of sickness to render to said Lybecks all necessary assistance; and he and his wife did render such aid and assistance on several occasions, but not to such an extent as would render a revocation of the contract a fraud upon the plaintiff. On the contrary, such aid and assistance was no greater in extent or more onerous in its character than should be rendered by any son and daughter-in-law to parents under like circumstances, and the services so performed were not of such a peculiar character that

they should not be compensated for in money. Plaintiff at all times acted towards the Lybecks in the manner provided for in Exhibit I, and was willing so to do at all times up to and including the time of the trial, and if the contract evidenced by Exhibits A and I is enforceable as passing a present interest or estate in the real property correctly described, and there was a·delivery in law, then the plaintiff fulfilled the terms and conditions to be performed on his part.

Defendant Albue having purchased with notice and protected the purchase price, his rights require no consideration.

While it clearly appears that the scrivener made a mistake in describing the premises involved, reformation of the writing in which such mistake occurs would serve no useful purpose, unless there was a contract which should be specifically enforced. , No application for a new trial having been made, the findings of the referee, adopted by the court, are conclusive for the purposes of this appeal, and the only vital question is whether, upon the facts thus established, it would be reversible error to refuse specific performance of the reformed contract.

In order that specific performance may be decreed there must, of course, be a contract between competent parties. As it is elementary that there can be no contract unless the minds of the parties have met and mutually agreed, specific performance will be denied where this requisite is lacking. Equity requires a clear, mutual understanding, and a positive assent on the part of each party. 26 Am. & Eng. Ency. Law, 20. Though the Lybecks may have desired and decided to .devise the land in question to the plaintiff in consideration of his agreeing to care for and support them in case of sickness, as specified in Exhibit I, the mere execution of that instrument and of the warranty deed, without any delivery of either, did not create a contract, in the absence of an acceptance by the plaintiff of all its terms and an assumption of all its obligations. It is true the referee found that the plaintiff and his wife rendered assistance to the Lybecks whenever occasion required, but he also found that the assistance rendered was no greater in extent or more onerous in character than should be rendered by any son and daughter-in-law to parents under like circum-

stances. ·He did not find anything was done under or by reason of the contract, ·or that the plaintiff ever promised to perform any obligation which it imposed. The ·burden rests on the plaintiff to establish a positive assent on ·his part to all the terms of the alleged contract. Such assent is not established by the decision of the referee, and the correctness of his findings of fact cannot be questioned on this appeal. For this reason, if no other, the judgment appealed from cannot be reversed.

Nor does it follow that the judgment should be reversed, even if we are in error regarding the existence of the alleged contract. It is well settled that whether or not a contract will be specifically enforced is a matter of sound judicial discretion, to be exercised in conformity with established rules and usages. And it is universally conceded that such rules are not inflexible, but that each case must depend largely upon its own particular facts and peculiar circumstances. As the origin of the remedy of sepcific performance was due to the inadequacy of the common law under the doctrines of which a judgment for damages was, as a rule, the only redress for civil wrongs, so the inadequacy of the legal remedy is still the controlling consideration, and where it appears that the legal remedy is adequate specific performance will usually be denied. 26 Am. & Eng. Ency. Law, 17, 62. True, "it is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation." Rev. Civ. Code, § 2341. But this presumption is not a conclusive one, and this is not an ordinary agreement to transfer real property. The writings relied upon must be considered together as constituting one transaction. So considered, no doubt exists as to the intent of the parties. No present interest in the property was intended to be passed, but the transaction was clearly testamentary in character; and, while such a transaction might give rise to obligations which would justify a court of equity in decreeing specific performance, this is not such a case. Nothing was paid to or received by the Lybecks as a consideration for making the alleged contract, the services subsequently performed by the plaintiff were only what he presumptively would have performed if the instruments never had been executed, they were not of such nature as would render a revocation of the intend-

ed devise a fraud upon the intended devisee and they were not of such a peculiar character that they connot be compensated for in money. Under these circumstances, the learned circuit court was clearly justified in concluding that the plaintiff would not be entitled to a specific performance of the alleged contract, and therefore committed no error in declining to reform it.

The judgment appealed from is affirmed.