LASS et al., v. ERICKSON et al., Respondents (AXEL T. SEGER et al., Interveners), Appellants

ERICKSON et al., Respondents, v. LASS et al., (AXEL T. SEGER et al., Interveners), Appellants

(54 N. W.2d 741)

(File No. 9282. Opinion filed August 25, 1952)

504

E. G. Jones, Sioux Falls, for Appellants.

Danforth & Danforth, Sioux Falls, W. R. Cleland, Vermillion, for Respondents.

ROBERTS, J. The record presents an appeal from two judgments, one in favor of defendants in an action brought for the specific performance of a contract to leave property

by will in consideration of services rendered, and the other in favor of plaintiff administrator in an action for the recovery of assets.

Selma Erickson died intestate on October 4, 1949, a resident of Clay county, South Dakota. On May 9, 1952, Charles J. Erickson, as surviving husband, filed a petition in county court asking that his brother, F. A. Erickson, be appointed administrator. This petition was granted and the appointee qualified as administrator of the estate.

On April 12, 1950, an action was begun in circuit court by Fred Lass and Belle M. Lass against Charles J. Erickson and the administrator. The complaint alleged that Selma Erickson entered into an oral contract with plaintiffs whereby she agreed that if they would take her into their home and provide her with room, board and companionship until her death she would make a will devising and bequeathing to them all her property; that plaintiffs on their part have fully performed the agreement; and that Selma Erickson died without making the will. The complaint concludes with a prayer that the administrator specifically perform the contract and execute necessary instruments of conveyance. Defendants answered denying that there was such an agreement and alleging that the defendant Charles J. Erickson as surviving husband was entitled to distribution of all the property of the estate, the same being of insufficient value to entitle other heirs at law to share therein.

The second action referred to was then commenced by the administrator against Belle M. Lass and The National Bank of South Dakota, Vermillion Branch, to recover funds in the bank represented by certificates of deposit and a checking account. Defendant Belle M. Lass answered claiming that the certificates and all money deposited in the checking account were made payable in part performance of the claimed contract to the order of either Selma Erickson or Belle M. Lass or survivor.

A brother and two nieces of the decedent, as heirs at law, applied to the circuit court for leave to intervene. This the court granted. The court found that no contract existed between the plaintiffs Fred and Belle M. Lass and the decedent to make a will; that Charles J. Erickson is the sur-

viving husband of the decedent; and that interveners have no right, title or interest in the estate, the same being less than $20,000 in value. The intervening defendants alone appeal from the judgment in each action. They claim that the circuit court was without jurisdiction to determine the relationship of Charles J. Erickson to the decedent; that the determination of such an issue was within the exclusive jurisdiction of the county court. They also challenge the finding that decedent was the common law wife of Charles J. Erickson. The actions were consolidated for trial in the circuit court and are here on one record.

 A person may make a valid agreement to make a disposition of his property by will. Beveridge v. Bailey, 53 S. D. 98, 382, 220 N.W. 462, 868, 60 A.L.R. 619; Dawson v. Corbett, 71 S. D. 106, 21 N.W.2d 758. It has long been recognized that it is within the jurisdiction of equity to require the equivalent of specific performance of such an agreement after the death of the promisor by requiring transfer of his property in accordance with the terms of the agreement. See Annotations: 69 A.L.R. 26 and 106 A.L.R. 746. The circuit court having general equity jurisdiction (Const. Art. V, § 14) unquestionably had power pending administration of the estate to adjudicate the equitable issues presented with relation to the existence of a contract to make a will. Ewing v. Waddington, 62 S. D. 166, 252 N.W. 28.

 Appellants contend that there were separate and distinct matters involved and that notwithstanding the nature of the action the county court had sole jurisdiction to determine who were the heirs and what property they were entitled to as such and that the judgment to that extent is void. This contention is based upon the provisions of the Constitution (Art. V, § 20) vesting in the county court "original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons". While the county court has original jurisdiction of estates, we have repeatedly held that such jurisdiction is not exclusive. Trotter v. Mutual Reserve Fund Life Ass'n, 9 S. D. 596, 70 N.W. 843, 62 Am.St.Rep. 887; Welsh v. Krause, 38 S. D. 264, 161 N.W. 189; Jacquish v. Deming, 40 S. D. 265, 167 N.W. 157; Song v. Song, 64 S. D. 555, 268 N.W. 905;

Howe v. Larson, 68 S. D. 203, 299 N.W. 876; Doling v. Hyde County, 70 S. D. 339, 17 N.W.2d 693; Newton v. Erickson, 73 S.D. 228, 41 N.W.2d 545. An examination of the cases cited will show that even though the subject matter may be involved in probate resort must be had to the circuit court if general equity powers are to be invoked since the county court has only such limited equity powers as are necessary to the exercise of its proper functions. The circuit court having acquired jurisdiction of a subject matter involved in probate for a particular purpose not within the competency of the county court does not proceed to a complete administration, settlement and distribution of the estate. A recognized authority states the rule to be that the equity "court, after the accomplishment of the particular purpose, will send the cause back to the probate court for further administration, rather than take the entire proceeding away from the usual forum, adopting the principle that the jurisdiction of equity should cease with the necessity for the exercise therefor". Pomeroy's Equity Jurisprudence (5th Ed.) § 235. Jacquish v. Deming, supra, an action for an accounting and determination of the rights of the parties to an unadministered estate, does not express a contrary view. The appeal was from an order sustaining a demurrer to the complaint. The county court is the court of original jurisdiction in which claims against a decedent's estate must be filed and adjudicated, but it appeared from the allegations of the complaint in that case that there were no debts and that the plaintiff and defendants were the sole heirs. The county court not having acquired jurisdiction of the res and a decree of distribution of that court having no other effect than to release title of which the heirs become vested, on the death of the ancestor, from the conditions of administration, the circuit court had jurisdiction to hear and determine the controversy between the parties in its entirety. The allegations of the complaint were sufficient to show that the subject matter involved could be properly litigated in the circuit court.

 The trial court in the proper exercise of its jurisdiction determined that plaintiffs in the action for specific performance of the contract to make a will failed

to establish the allegations of their complaint in that respect and accordingly entered judgment dismissing their complaint. We then have for consideration the question whether the circuit court should have entered judgment in favor of defendants and against the interveners determining heirship. Respondents claim that it was the duty of the trial court sitting as a court of equity to retain jurisdiction for all purposes and to decide all issues which were involved including those between defendants and interveners and make a final disposition of the litigation. The adjudication of course could not extend beyond the limits of jurisdiction of subject matter and persons. There are a number of heirs at law of Selma Erickson, deceased, who are not parties to the action. It is the contention of appellants that the judgment determining who are entitled to take by distribution has the effect of taking from these heirs claims to property without them being represented or having their day in court. But aside from the question of adjudicating rights of interested persons who are not parties to the action or represented, we do not think that the rule of retaining jurisdiction to adjust all claims extends to a claim having no relation to the rights of the plaintiffs or the cause alleged in the complaint. 30 C.J.S., Equity, § 77. The complaint was one for specific performance of a contract. The controversy between defendants and interveners with respect to heirship did not arise out of the cause alleged in the complaint or have any relation to the rights of plaintiffs under an alleged contract. The circuit court having thus obtained jurisdiction over the subject matter of the estate for a particular purpose not within the competency of the county court should not have gone on and decided an independent controversy capable of being tried by the county court.

■ There are subjects which a court of equity. has no power to hear and determine even by consent of the parties. Respondents urge, however, that the subject matter may be of such character that jurisdiction may be conferred by consent and that a party will not be heard to complain if he makes no objection to a hearing and participates therein. The petition for intervention alleged that there was no contract to make a will and that Charles J. Erickson was not

an heir at law of decedent. The answer of interveners contained allegations to the same effect and also challenged the jurisdiction of the court "to determine the proportions of descent of decedent's property among her heirs at law." The answer asked for dismissal of the complaint and for judgment for costs against plaintiffs. Interveners made timely and preliminary objection and if equity jurisdiction of a probate matter can be conferred by consent it is fairly established by the record that interveners did not consent to submission of the issue of heirship to the circuit court.

█ The situation presented in the action commenced by the administrator for the recovery of assets in legal effect does not differ with respect to a determination of the issue of heirship from the action which we have considered.

The dismissal of the complaint in the one action and the right to recovery of assets in the other are not here controverted. The judgments in so far as they decree who are the heirs at law of Selma Erickson, deceased, and what proportions they are entitled to as such are reversed and the causes are remanded for further proceedings not inconsistent with this opinion.

All the Judges concur.