#27804-a-SLZ
**2016 S.D. 95**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

TOTAL AUCTIONS AND REAL
ESTATE, LLC, a South Dakota Limited
Liability Company, ANDREW HARR
and JASON BORMANN,                                     Plaintiffs and Appellants,

v.

SOUTH DAKOTA DEPARTMENT OF
REVENUE & REGULATION, SOUTH
DAKOTA DEPARTMENT OF MOTOR
VEHICLES, PEGGY LAURENZ, individually
and in her official capacity as an employee
and Director of the South Dakota Department
of Motor Vehicles, and RONALD RYSAVY,
individually and in his official capacity as an
employee and agent of the South Dakota
Department of Motor Vehicles,                          Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN SOGN
Judge

\* \* \* \*

CASEY W. FIDELER
CHRISTOPHER L. FIDELER of
Christopherson, Anderson,
 Paulson & Fideler, LLP
Sioux Falls, South Dakota                              Attorneys for plaintiffs
                                                       and appellants.

\* \* \* \*

                                                       ARGUED ON
                                                       NOVEMBER 8, 2016

                                                       OPINION FILED **12/14/16**

JAMES E. MOORE
JOEL E. ENGEL III of
Woods Fuller Shultz & Smith, PC
Sioux Falls, South Dakota

Attorneys for defendants
and appellees.

#27804

ZINTER, Justice

[¶1.]	Total Auctions and Real Estate, LLC (Total Auctions) planned to conduct automobile auctions in Lincoln County. Part of its business plan included the sale of vehicles consigned from automobile dealers not located in Lincoln County. A Division of Motor Vehicles dealer agent advised Total Auctions on how to comply with the applicable law. After incurring expenses setting up its business, Total Auctions was informed by a Division supervisor that state law prohibited auctioning vehicles consigned from dealers outside Lincoln County. Total Auctions and its members sued the Division agent, the Division, its director, and the Department of Revenue and Regulation on theories of negligence and negligent supervision. The circuit court dismissed the complaint for failure to state a claim upon which relief could be granted. We affirm.

*Facts and Procedural History*

[¶2.]	Because this is an appeal from a dismissal for failure to state a claim, we restate the facts alleged in the complaint. Total Auctions is a South Dakota limited liability company with its principal place of business in Lincoln County. It is a licensed automobile dealer that intended to hold automobile auctions that would be open to the public.

[¶3.]	The members of Total Auctions—Andrew Harr and Jason Borman (hereafter collectively referred to as "Total Auctions")—met with Ronald Rysavy on July 11, 2014, to discuss Total Auctions' business plan. Rysavy was a "dealer agent" employed by the South Dakota Division of Motor Vehicles (DMV), a division of the South Dakota Department of Revenue and Regulation (DRR). According to the

complaint, dealer agents are "responsible for answering dealer business questions, providing training and instruction on compliance and procedures, enforcing laws and regulations, investigating complaints and violations, and conducting inspections."

[¶4.]    Total Auctions informed Rysavy that it intended to auction vehicles consigned from dealers outside Lincoln County. Rysavy provided forms required by the DMV to complete vehicle consignments and advised Total Auctions on compliance with South Dakota law. He also instructed a dealer outside Lincoln County regarding the necessary consignment paperwork for the auctions. The complaint alleged that "it was [Rysavy's] professional opinion that Total Auctions' business complied with South Dakota law." Total Auctions followed Rysavy's instructions and began preparing for its first auction. It also met with Rysavy on additional occasions, including at the location of the auction, to ensure Total Auctions was in compliance with the law. However, Rysavy failed to inform Total Auctions that state law did not permit it to auction vehicles consigned from dealers outside Lincoln County, the county of Total Auctions' place of business.

[¶5.]    The day before the first auction, Rysavy informed Total Auctions for the first time that there was a problem with the out-of-county consignments. Peggy Laurenz, the Director of the DMV, informed Total Auctions that under South Dakota law, it could not sell vehicles from dealers outside Lincoln County. Director Laurenz allowed the noncompliant auction to proceed but indicated that such sales

would be prohibited in any future auction.[1]  Total Auctions alleged that because it could not sell vehicles from dealers outside Lincoln County, its inventory for future auctions "was drastically reduced," causing substantial damages and the failure of the business.

[¶6.]     Total Auctions subsequently sued the DRR, the DMV, Director Laurenz, and Rysavy (Defendants).  Count I of the complaint alleged negligence, claiming that Rysavy breached a "duty to follow the established Department of Motor Vehicles Protocols before issuing an opinion on the application of South Dakota law to Total Auctions' business."  Count II alleged negligent supervision, claiming that Director Laurenz failed to adequately supervise Rysavy to ensure that he followed DMV protocols and provided accurate information regarding compliance with South Dakota law.  Both claims incorporated allegations in the complaint claiming that Rysavy had given erroneous advice on the law.

[¶7.]     Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted.  *See* SDCL 15-6-12(b)(5).  Relying on this Court's decision in *Meyer v. Santema*, 1997 S.D. 21, ¶ 13, 559 N.W.2d 251, 255, the circuit court ruled that the alleged negligent conduct was predicated on a nonactionable misrepresentation of law, and it dismissed all claims.  Total Auctions appeals.[2]

---

1.    Total Auctions claimed that 34 of the 114 vehicles in its inventory for the first auction were consigned from dealers outside Lincoln County.

2.    Total Auctions briefed the issue of sovereign immunity in the circuit court and in this appeal, but the defendants did not.  The circuit court declined to rule on the issue because it was not raised by the defendants' motion to

(continued . . .)

*Decision*

[¶8.]　　　We review the dismissal of a complaint for failure to state a claim de novo. *Nooney v. StubHub, Inc.*, 2015 S.D. 102, ¶ 9, 873 N.W.2d 497, 499. "We . . . accept the material allegations as true and construe them in a light most favorable to the pleader to determine whether the allegations allow relief." *Sisney v. Best Inc.*, 2008 S.D. 70, ¶ 8, 754 N.W.2d 804, 809. "A complaint need only contain a short plain statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief to which the pleader deems himself entitled." *Nooney*, 2015 S.D. 102, ¶ 9, 873 N.W.2d at 499 (citing SDCL 15-6-8(a); *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 2008 S.D. 89, ¶ 17, 756 N.W.2d 399, 409). Detailed factual allegations are not required, but the complaint "must contain more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Gruhlke*, 2008 S.D. 89, ¶ 17, 756 N.W.2d at 409). Ultimately, "where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(5) is appropriate." *Sisney v. State*, 2008 S.D. 71, ¶ 8, 754 N.W.2d 639, 643.

[¶9.]　　　Total Auctions first argues that the circuit court erred in characterizing its negligence claim as one for negligent misrepresentation. It concedes that it does not have a valid claim for negligent misrepresentation because

_____

(. . . continued)
　　　dismiss. We do not consider the sovereign immunity issue for the same
　　　reason.

misrepresentations of law are generally not actionable.[3] *See Meyer*, 1997 S.D. 21, ¶ 13, 559 N.W.2d at 255. It contends, however, that the complaint states a valid claim for other negligent acts. Specifically, it contends that its complaint pleaded facts sufficient to state a claim that Rysavy owed Total Auctions a duty to follow established DMV protocols before issuing an opinion on compliance with South Dakota law; that Rysavy breached that duty; and that Rysavy's breach caused Total Auctions' damages.

[¶10.]    Total Auctions correctly points out that negligence and negligent misrepresentation are separate claims. Although these torts have different elements,[4] and although ordinary negligence does not require a negligent misrepresentation, the circuit court correctly noted that the underlying factual premise for the negligence claim here is negligent misrepresentation. All of Total Auctions' theories are ultimately premised on the claim that its damages were caused by Rysavy's failure to give correct advice about the law; i.e. that the law prohibited Total Auctions' sale of vehicles consigned from dealers outside Lincoln County. Total Auctions may not, in resisting the motion to dismiss, simply ignore

---

3.    Neither party disputes that incorrect legal advice was given. We express no opinion on the matter.

4.    A negligence claim requires a plaintiff to show "duty, breach of that duty, proximate and factual causation, and actual injury." *Johnson v. Hayman & Assocs., Inc.*, 2015 S.D. 63, ¶ 13, 867 N.W.2d 698, 702. Negligent misrepresentation requires a plaintiff to show that "one party makes (1) a misrepresentation, (2) without reasonable grounds for believing the statement to be true, (3) with the intent to induce a particular action by another party, and the other party (4) changes position with actual and justifiable reliance on the statement, and (5) suffers damage as a result." *Fisher v. Kahler,* 2002 S.D. 30, ¶ 10, 641 N.W.2d 122, 126-27.

its central pleaded fact that "Rysavy never addressed and failed to discuss, mention, express any concern, raise any issues, or in any way indicate to Total Auctions that obtaining consignments from dealers outside of Lincoln County was not permissible and prohibited under South Dakota law."

[¶11.] Total Auctions, however, insists that its complaint should not be dismissed because the pleaded negligent conduct (failure to follow established protocols before giving an opinion) is not the same as a negligent misrepresentation of law. But, as just explained, the negligent misrepresentation of law is also a central pleaded fact of *causation* in the failure to follow protocol claim. Total Auctions concedes the point in its brief. It argues that "Rysavy was required, at a minimum, to [use the protocols to] verify that the guidance, direction, and instruction he provided to Total Auctions was researched, *accurate,* [*and*] *verified.*" Appellant's Brief 19 (emphasis added). Thus, the only reasonable inference to be drawn from the pleaded facts is that Total Auctions' complaint for negligence, no matter what duty was allegedly breached, is ultimately premised on the claim that its damages were *caused* by the misrepresentation of law.

[¶12.] In sum, Total Auctions' claim for negligence is premised on the allegation that a misrepresentation of law caused its damages. Total Auctions cannot avoid that fact by relabeling the name of its claim. Because misrepresentations of law are not actionable, *Meyer*, 1997 S.D. 21, ¶ 13, 559 N.W.2d at 255, "the allegations show on the face of the complaint there is some insuperable bar to relief, [and] dismissal under Rule 12(b)(5) is appropriate." *See Sisney v. State*, 2008 S.D. 71, ¶ 8, 754 N.W.2d at 643.

[¶13.]     Total Auctions also argues that its complaint states a claim for professional negligence.[5]  However, the only difference between negligence and professional negligence is the nature of the duty.  *See Johnson v. Hayman & Assocs., Inc.*, 2015 S.D. 63, ¶¶ 13, 22-23, 867 N.W.2d 698, 702, 705.  And as explained above, Total Auctions' central underlying allegation is that its damages were caused by a nonactionable misrepresentation of law.  Therefore, the complaint also fails to state a claim for professional negligence.[6]

[¶14.]     Finally, Total Auctions argues that its complaint states an independent claim for negligent supervision by Director Laurenz.  However, this claim is also premised on providing incorrect advice concerning South Dakota law.  Total Auctions pleaded that Director Laurenz failed to adequately supervise Rysavy to ensure that he followed DMV protocols and that "the laws of South Dakota *were correctly applied*" to Total Auctions' business.  (Emphasis added.)

[¶15.]     Moreover, "negligent supervision [requires] that the employer failed to exercise reasonable care in supervising (managing, directing, or overseeing) its employees so as to *prevent harm* to other employees or third persons."  *Iverson v. NPC Int'l, Inc.*, 2011 S.D. 40, ¶ 23, 801 N.W.2d 275, 282 (emphasis added).  Failing

---

5.     Total Auctions did not plead but did argue before the circuit court and on appeal that its complaint also supports a claim for professional negligence.

6.     Professional negligence claims are typically asserted against professionals such as physicians, accountants, and attorneys.  Total Auctions cites no authority supporting its claim that a government-motor-vehicle-licensing agent is such a professional.  Additionally, this claim is simply a recast negligent misrepresentation claim.  Therefore, we do not address the parties' arguments whether a dealer-agent is a "professional" for purposes of professional negligence.

to "prevent harm" necessarily assumes an underlying wrong; i.e. the commission of a tort by an employee. Thus, a negligent supervision claim requires that an employee commit an underlying tort. *Schoff v. Combined Ins. Co. of Am.*, 604 N.W.2d 43, 53 (Iowa 1999) ("[A]n employer cannot be held liable for negligent supervision . . . where the conduct that proper supervision and training would have avoided is not actionable against the employee."); *Schieffer v. Catholic Archdiocese of Omaha*, 508 N.W.2d 907, 913 (Neb. 1993) ("[A]n underlying requirement in actions for negligent supervision . . . is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person . . . ."). Because Total Auctions' complaint fails to state an actionable tort claim against Rysavy, it also fails to state a claim against Director Laurenz for negligent supervision.[7]

[¶16.] The central pleaded fact underlying all of Total Auctions' claims is the allegation that Rysavy gave incorrect legal advice, which caused Total Auctions' damages. No matter what tort is asserted, Total Auctions' claimed damages were caused by Rysavy's alleged misrepresentation of law. Because that fact creates an insuperable bar to relief on all claims, we affirm.

---

7. Total Auctions also argues that the complaint states a claim against Rysavy's employer under a respondeat superior theory. However, respondeat superior is simply a means of imposing vicarious liability on an employer for an employee's torts committed within the scope of employment; it is not an independent tort claim against an employer. *See Bernie v. Catholic Diocese of Sioux Falls*, 2012 S.D. 63, ¶ 8, 821 N.W.2d 232, 237 (quoting *Bass v. Happy Rest, Inc.*, 507 N.W.2d 317, 320 (S.D. 1993)) ("Respondeat superior is 'a legal fiction designed to bypass impecunious individual tortfeasors for the deep pocket of a vicarious tortfeasor.'"); *see also Rehm v. Lenz*, 1996 S.D. 51, ¶ 21, 547 N.W.2d 560, 566 (noting an employer may be vicariously liable for "negligent acts of their employees under a respondeat superior theory" as well as directly liable for the independent tort of negligent supervision).

#27804

[¶17.]     GILBERTSON, Chief Justice, SEVERSON and KERN, Justices, and KONENKAMP, Retired Justice, concur.

[¶18.]     KONENKAMP, Retired Justice, sitting for WILBUR, Justice, disqualified.