#29580-aff in part & rev in pt-SRJ
**2022 S.D. 41**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

In the Matter of the Estate of
NEIL WILLIAM SMEENK, Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
BUTTE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHAEL W. DAY
Judge

* * * *

KATELYN A. COOK
TALBOT J. WIECZOREK of
Gunderson, Palmer, Nelson
    and Ashmore, LLP
Rapid City, South Dakota

Attorneys for appellant
Denise Schipke-Smeenk.


JOHN W. BURKE
KIMBERLY S. PEHRSON of
Thomas, Braun, Bernard & Burke, LLP
Rapid City, South Dakota

Attorneys for appellee
Ryan William Smeenk.

* * * *

ARGUED
OCTOBER 5, 2021
OPINION FILED **07/20/22**

JENSEN, Chief Justice

[¶1.]        Denise L. Schipke-Smeenk and Neil Smeenk, as husband and wife, executed mutual wills (2017 Wills) and an agreement that neither party would revoke their respective wills without the other's consent (Agreement).  Neil later executed a new will (2019 Will) without Denise's consent.  After Neil's death, the circuit court ordered the 2019 Will to be probated and appointed Denise as personal representative of Neil's estate (Estate).  Denise filed a motion for approval and payment of claim (Motion) in her capacity as personal representative and sought specific performance of the Agreement.  The circuit court determined the Motion was not properly presented as a creditor claim and was untimely under the nonclaim statute.  However, the court considered the merits of the Motion and determined that Denise was not entitled to specific performance.  Denise appeals, arguing that the Motion was a timely and properly presented creditor's claim and that she is entitled to specific performance as the remedy for Neil's alleged breach of the Agreement.  We conclude that the circuit court erred in determining that Denise's claim was not timely and properly presented but correctly ruled that Denise was not entitled to specific performance.  We therefore affirm in part and reverse in part.

## Facts and Procedural History

[¶2.]        Neil and Denise were married in 2000.  They each had two children from a prior marriage.  After they were married, Neil and Denise began residing at the ranch that Neil owned prior to the marriage.  Neil sold the ranch in 2011 pursuant to a contract for deed.

[¶3.] On August 25, 2017, Neil and Denise executed the 2017 Wills and the Agreement. The Agreement provided that the parties "agree not to revoke or amend the Last Wills which each party has executed contemporaneously with and in reliance upon this Agreement without the express consent of the other party." Additionally, the Agreement provided that Neil would assign an undivided one-half interest in the contract for deed for the sale of the ranch to Denise, which included the right to receive one-half of the contract payments. On the same day, Neil executed an assignment and a quitclaim deed granting Denise a one-half interest in the contract for deed and the ranch.

[¶4.] The 2017 Wills provided that the assets of the first spouse to die would be distributed to the surviving spouse. Upon the death of the surviving spouse, the assets would be distributed 50% to Denise's children and 50% to Neil's children. The 2017 Wills nominated one another as personal representative of their respective estates.

[¶5.] Neil and Denise's relationship began to deteriorate following the making of the 2017 Wills. Neil battled depression and had a severe drinking problem that caused tension in the marriage. Neil and Denise had separated by March 2019. In April 2019, Neil commenced a divorce action. Denise hired a divorce attorney but did not file an answer to the complaint because she believed they were working toward an amicable resolution of the divorce. The divorce was never finalized.

[¶6.] On April 19, 2019, Neil executed the 2019 Will. The 2019 Will revoked his prior wills and codicils, expressly disinherited Denise, and named his son, Ryan

Smeenk, as personal representative. Neil took his own life on June 14, 2019. Denise testified that she became aware of the 2019 Will on the day that Neil died.

[¶7.] On July 15, 2019, Denise filed a petition for formal probate, seeking to probate Neil's 2017 will and requesting appointment as personal representative. Shortly thereafter, Ryan filed a petition for formal probate, seeking to probate the 2019 Will and requesting appointment as personal representative. The circuit court held an evidentiary hearing on the competing petitions. On November 25, 2019, the circuit court entered findings of fact and conclusions of law determining that the 2019 Will was valid and that it revoked Neil's 2017 will. In upholding the 2019 Will, the circuit court concluded that the Agreement did not make Neil's 2017 will irrevocable and did not impact the validity of the 2019 Will. Rather, the court reasoned that Neil, as the testator, may revoke a will until his death, but the Estate may be subject to a claim for breach of contract if Neil's execution of the 2019 Will breached the Agreement. The court declined to resolve the question whether the Agreement is enforceable, stating "that determination is left for another day." The circuit court admitted the 2019 Will to probate.

[¶8.] The circuit court also addressed the separate requests by Denise and Ryan to serve as personal representative of the Estate and found that Denise and Ryan had a hostile relationship that would make it difficult for them to work together. Despite admitting the 2019 Will to probate, the circuit court determined Denise was qualified to serve as personal representative. The circuit court entered an order for formal probate of the 2019 Will and appointed Denise as personal

representative on December 9, 2019. Neither party appealed the circuit court's order.

[¶9.] On December 12, 2019, Denise sent the required statutory notice to the Department of Social Services (DSS) pursuant to SDCL 29A-3-705(c). The notice informed DSS of Denise's appointment and provided that if DSS "claim[ed] to be a creditor" it must present a claim within four months from the date of Denise's appointment as personal representative. Denise did not provide any other written notice to any known or reasonably ascertainable creditors pursuant to SDCL 29A-3-801(b).[1] On December 16, 2019, Denise first published a general notice to creditors in a legal newspaper pursuant to SDCL 29A-3-801(a). The notice established a four-month deadline after the first publication for creditors to present a claim against the Estate.

[¶10.] On April 8, 2020, Denise filed the Motion seeking specific performance of the Agreement and requesting permission from the circuit court to distribute the Estate in accordance with Neil's 2017 will. Denise filed the Motion in her capacity as personal representative pursuant to SDCL 29A-3-713. In support of the Motion, Denise argued that the Agreement was an enforceable contract and that there were no existing grounds that would allow the Estate to reject the Agreement. Denise also asserted that specific performance was the appropriate remedy to prevent a testator from avoiding his or her contractual obligations.

---

1.      Aside from Denise's claim for breach of the Agreement, the record does not show that any other known creditors existed at the time of Neil's death. DSS did not submit a claim and there was no showing that DSS was a creditor of the Estate.

[¶11.]     Ryan objected to the Motion arguing that Denise had failed to timely present a creditor's claim to the Estate, that payment of the claim was not in the best interest of the Estate and its heirs, and that specific performance of the Agreement violated Neil's testamentary intent. Ryan asserted that Denise's breach of contract claim should not be approved in the probate proceedings without a separate action on the merits of the claim. Ryan argued that an independent personal representative should handle the breach of contract claim in the separate action. The court held a hearing on the Motion on December 3, 2020.

[¶12.]     The circuit court determined that the Motion failed to comply with the requirements of SDCL 29A-3-804 for presentment of a creditor's claim. By applying the principles of judicial estoppel, the court also determined that Denise's creditor claim was time-barred, at the latest, on April 16, 2020. Notwithstanding its procedural determination that Denise had not timely and properly presented a creditor claim, the court received evidence and arguments from the parties on the merits of Denise's claim for specific performance as a remedy for Neil's alleged breach of the Agreement. The court then made a merits-based determination that Denise was not entitled to specific performance because Denise failed to show an inadequate remedy at law. Additionally, the circuit court concluded that specific performance of the Agreement was not a just or reasonable remedy under SDCL 21-9-3(2). The court incorporated its previous findings of fact and conclusions of law from its December 2019 order entering the 2019 Will to probate, but the court again made no determination concerning the enforceability of the Agreement or whether Neil had breached it.

[¶13.] Subsequently, Denise filed a statement of claim with the clerk of court, in her individual capacity as a creditor of the Estate, seeking specific performance of the Agreement. Denise also filed a motion for reconsideration of the circuit court's ruling on the Motion. However, Denise, individually and in her capacity as personal representative, had appealed the circuit court's denial of the Motion. Therefore, the circuit court could not address the statement of claim or the motion for reconsideration.

[¶14.] On appeal, Denise argues (1) that the circuit court erred in determining that the Motion was not a timely and properly presented creditor claim, and (2) that the circuit court erred in determining that she was not entitled to specific performance for Neil's alleged breach of the Agreement.

## Analysis and Decision

### 1. Whether the circuit court erred in determining that Denise failed to timely and properly present a creditor claim.

[¶15.] "A circuit court's findings of fact will be upheld 'unless they are clearly erroneous.'" *In re Estate of Fox*, 2019 S.D. 16, ¶ 12, 925 N.W.2d 467, 471, (reh'g denied Apr. 24, 2019) (citation omitted). "We review the circuit court's conclusions of law and rulings on statutory interpretation de novo." *In re Estate of Ginsbach*, 2008 S.D. 91, ¶ 10, 757 N.W.2d 65, 68.

[¶16.] Denise argues that the circuit court erred in determining that she was required to give notice to known creditors within four months after her appointment as personal representative and that she was judicially estopped from presenting a creditor claim after April 16, 2020. Denise asserts the shortened time-bar for

known creditors under the nonclaim statute in SDCL 29A-3-803(a)(2)[2] has not begun as to her claim because she has not, as personal representative, given written notice of a shortened time-bar to herself as required by SDCL 29A-3-801(b).[3] She argues that the three-year time-bar under SDCL 29A-3-803(a)(3) applies to her creditor claim until she is provided written notice from the personal representative. Additionally, Denise contends that the Motion was a timely and properly presented creditor claim under the nonclaim and presentment statutes because she substantially complied with SDCL 29A-3-804(a) by filing the Motion with the clerk of court less than four months after she was appointed as personal representative.

[¶17.] Ryan responds that Denise had adequate notice of the shortened time-bar in SDCL 29A-3-803(a), despite a lack of written notice from the personal

---

2. SDCL 29A-3-803(a) provides, in relevant part, that:

> All claims against a decedent's estate which arose before the death of the decedent, . . . whether . . . absolute or contingent, . . . founded on contract . . . are barred . . . unless presented as follows:
> > (1) As to creditors barred by publication, within the time set in the published notice to creditors;
> > (2) As to creditors barred by written notice, within the time set in the written notice;
> > (3) As to all creditors, within three years after the decedent's death.

3. SDCL 29A-3-801(b) provides:

> Except as provided in subsection (c), a personal representative shall give written notice by mail or other delivery to a creditor of the decedent, who is either known to or reasonably ascertainable by the personal representative, informing the creditor to present the claim within four months after the date of the personal representative's appointment, or within sixty days after the mailing or other delivery of the written notice, whichever is later, or be forever barred.

representative, because she provided written notice to DSS and published notice to unknown creditors under SDCL 29A-3-801(a). He asserts that providing notice to other potential creditors provided Denise with actual notice that triggered the shortened time-bar. Ryan also asserts that judicial estoppel prevents Denise from claiming that she did not have sufficient notice under SDCL 29A-3-801 because Denise knew of her creditor claim, imposed a time-bar on other creditors, and would gain an unfair advantage by not providing herself written notice to avoid triggering a shortened time-bar.

[¶18.]     The nonclaim statute in SDCL 29A-3-803(a) broadly bars "[a]ll claims against a decedent's estate which arose before the death of the decedent, . . . whether due or to become due, absolute or contingent, . . . unless *presented"* within the time periods set forth in the statute. (Emphasis added.) A creditor claim that has not been timely presented is barred. *See In re Bachand's Estate,* 307 N.W.2d 140, 142 (S.D. 1981). Denise's breach of contract claim is subject to the nonclaim and presentment requirements as a contingent creditor claim that arose prior to Neil's death. *See* SDCL 29A-3-803(a); *see also Huston v. Martin,* 2018 S.D. 73, ¶ 23, 919 N.W.2d 356, 364 (holding that contingent claims encompass promises that could have been fulfilled during the decedent's life but are broken at the time of decedent's death). As our Court has explained, "South Dakota's nonclaim statute applies to *all* claims 'which arose before the death of the decedent[,]'" including

contingent claims. *Huston*, 2018 S.D. 73, ¶ 19, 919 N.W.2d at 363 (quoting SDCL 29A-3-803(a)).[4]

[¶19.]        A review of the record reveals that Denise timely filed her claim with the clerk of court. There is no dispute that Denise filed the Motion with the clerk of court within four months after she was appointed as personal representative, the earliest point in time under the provisions in SDCL 29A-3-803(a) in which a claim must be presented. Therefore, so long as her Motion constitutes a properly *presented* claim under SDCL 29A-3-804, it becomes unnecessary to address Denise's arguments regarding which particular time-bar in SDCL 29A-3-803(a) applies to her claim or whether she is judicially estopped from presenting her claim. As such, we first examine whether the Motion filed with the circuit court on April 8, 2020 by Denise satisfied the presentation requirements in SDCL 29A-3-804.

[¶20.]        "When engaging in statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject. When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is

---

4.        In *Huston v. Martin*, we reversed our decision *In re Estate of Green*, 516 N.W.2d 326, 329 (S.D. 1994), which analyzed South Dakota's nonclaim statute before the adoption of the Uniform Probate Code. 2018 S.D. 73, ¶ 26, 919 N.W.2d at 364–65. In *Huston*, we explained that "a contingent claim is dependent on a potential future event and an accrued claim is one that has already come into existence as an enforceable claim." *Id.* ¶ 26, 919 N.W.2d at 365. We concluded that the *Green* Court had failed to consider the statutory "contingent claim" language that encompasses a claim that only comes into being upon the occurrence of a future event. *Id.* In this case, the contingent event was an alleged breach of the Agreement that could have been cured before Neil's death and did not become actionable until Neil's death. Contrary to the conclusion in *Green*, such contingent claims are subject to the limitation periods set forth in SDCL 29A-3-803(a).

to declare the meaning of the statute as clearly expressed." *Citibank, N.A. v. S.D. Dep't of Revenue*, 2015 S.D. 67, ¶ 12, 868 N.W.2d 381, 387 (citation omitted). We have recognized that "[n]onclaim statutes are applied strictly." *Ginsbach*, 2008 S.D. 91, ¶ 13, 757 N.W.2d at 68. "Courts cannot broaden the opportunity for creditors to make claims against an estate beyond that allowed by statute." *Id.*

[¶21.] SDCL 29A-3-804(a)(1) and SDCL 29A-3-804(a)(2) provide three methods for presenting a creditor's claim that is subject to SDCL 29A-3-803:

> (1) *The claimant* may deliver or mail *to the personal representative a written statement* of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may *file a written statement* of the claim, in the form prescribed by rule, *with the clerk of the court* and mail or deliver a copy thereof to the personal representative. The claim is deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the clerk of court . . . ;
>
> (2) *The claimant* may *commence a proceeding* against the personal representative . . . . The claim is deemed presented on the date the proceeding is commenced.

(Emphasis added.)

[¶22.] Denise argues that her Motion substantially complied with the requirements of SDCL 29A-3-804. Although the substantial compliance doctrine has not been previously applied to the requirements of SDCL 29A-3-804, we have held in other contexts that the question whether the substantial compliance doctrine applies is one for this Court to decide as a matter of law. *See Myears v. Charles Mix Cnty.*, 1997 S.D. 89, ¶ 13, 566 N.W.2d 470, 474 (finding that substantial compliance is sufficient to satisfy a notice statute as a matter of law). We have applied this doctrine to other court rules and statutes in South Dakota.

*See, e.g., R.B.O. v. Congregation of Priests of Sacred Heart, Inc.*, 2011 S.D. 87, ¶¶ 12–13, 806 N.W.2d 907, 911–12 (holding that "actual notice coupled with substantial compliance is sufficient to satisfy personal service of process requirements" in SDCL 15-6-4(d)(1)); *In re Alcohol Beverage License Suspension of Cork 'n Bottle, Inc.*, 2002 S.D. 139, ¶ 13, 654 N.W.2d 432, 435–36 (concluding that substantial compliance is sufficient to satisfy a safe harbor statute for mistaken alcohol sales "if the licensee satisfies the five requirements of the statute"); *Myears*, 1997 S.D. 89, ¶ 13, 566 N.W.2d at 474 (holding that substantial compliance is sufficient to satisfy the notice requirements for tort claims against public entities in SDCL 3-21-2 and SDCL 3-21-3); *Sauder v. Parkview Care Ctr.*, 2007 S.D. 103, ¶¶ 20–21, 740 N.W.2d 878, 884 (concluding that the Legislature's use of the word "may" in the workers' compensation notice statute permitted employer to substantially comply with the statute for the purpose of giving a notice of denial of claim to employee).

[¶23.]     This Court defines substantial compliance as:

> "Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*R.B.O.*, 2011 S.D. 87, ¶ 12, 806 N.W.2d at 911–12 (citation omitted); *see also Myears*, 1997 S.D. 89, ¶ 13, 566 N.W.2d at 474.

[¶24.] The South Dakota Uniform Probate Code and our jurisprudence support the view that substantial compliance is sufficient to satisfy SDCL 29A-3-804. In particular, the language of SDCL 29A-3-804(a) provides several methods for presenting a creditor claim and the language for each statutory method is permissive in nature. Further, the express language of the presentation statute accounts for substantial compliance. It provides that a failure to describe the nature of the claim correctly or the due date of a claim does not render the presentation invalid. SDCL 29A-3-804(a)(1).

[¶25.] Other jurisdictions that have adopted the Uniform Probate Code have likewise applied a substantial compliance standard for presentation of a creditor's claim. *See Peterson v. Marston*, 362 N.W.2d 309, 313 (Minn. 1985) ("Generally, the form in which a claim is presented is not important as long as it contains sufficient information to enable the personal representative to determine its extent and character."); *Vincent v. Estate of Simard*, 801 A.2d 996, 999 (Me. 2002) (permitting substantial compliance with the requirements of the presentation statute). In these jurisdictions, the courts have liberally construed the presentation statute to permit substantial compliance when "the information provided by the notice will enable the personal representative to investigate the claim without the expenditure of substantial sums and make an intelligent judgment whether to allow or disallow the claim." *In re Estate of Wolf*, 96 P.3d 1110, 1114 (Kan. Ct. App. 2004); *see also Estate of Simard*, 801 A.2d at 999 (same).

[¶26.] Similarly, the purpose of South Dakota's nonclaim and presentation statutes is to ensure that a personal representative has early notice of all creditor

claims in order to make a determination whether a claim should be allowed and paid under SDCL 29A-3-806 and SDCL 29A-3-807. Therefore, we conclude that a claim substantially complies with the requirements of SDCL 29A-3-804 if notice of the claim is provided to the personal representative prior to the time-bar date and the notice provides sufficient information to allow the personal representative to investigate the claim without the expenditure of substantial resources and to make a determination whether to allow or disallow the claim. This aligns with our previous cases applying the substantial compliance doctrine to other statutes, wherein we have "held that substantial compliance is not established unless the statute has been actually followed sufficiently to carry out the substance essential to every reasonable objective of the statute." *See Alcohol Beverage License Suspension of Cork 'n Bottle, Inc.*, 2002 S.D. 139, ¶ 12, 654 N.W.2d at 435.

[¶27.] After a review of the circumstances presented in this case, we conclude that Denise's Motion substantially complied with SDCL 29A-3-804. The Motion was filed with the clerk of court and served upon the interested parties. When the Motion was filed, all of the interested parties were fully aware of the claim and of Denise's arguments based on the initial dispute over the competing petitions to probate Neil's different wills. Similar to Denise's petition filed as part of the initial dispute, the Motion summarized the basis for the breach of contract claim and requested that the alleged breach should be remedied by specific performance. The Motion, filed by Denise in her capacity as personal representative, further requested for the court to approve her proposed treatment of the claim. The application of the substantial compliance doctrine to determine whether the

-13-

presentation statute was satisfied is particularly appropriate under the unique circumstances of this case.

[¶28.] Ryan, however, argues that Denise failed to substantially comply with the requirements of the presentation statute because the Motion failed to specify the amount of the claim. This argument misapprehends the nature of Denise's claim. Denise was not seeking a monetary remedy for the alleged breach of contract claim, but rather, she sought to enforce the terms of the Agreement by specific performance. As such, the Motion, by fully detailing the remedy sought for the alleged breach, substantially complied with the requirement to set forth the amount of the claim under SDCL 29A-3-804.

[¶29.] Ryan also argues that Denise failed to substantially comply with the presentation statute because she presented the Motion in her capacity as personal representative rather than as a creditor of the Estate. While SDCL 29A-3-804 contemplates that the creditor will present a written statement of claim with the clerk of court or personal representative, or commence an action against the personal representative, the statute does not require the creditor to verify or sign the claim under oath. The purpose of the presentation statute is not to prove up the claim but to provide notice of the claim and sufficient information for the personal representative to determine its basis. Upon presentation, the personal representative has 60 days to decide whether to allow the claim under SDCL 29A-3-806. Given that Denise is both the creditor and the personal representative in this case, a presentation of a written statement of claim signed by Denise as a creditor would not have provided more information pertinent to the evaluation of the claim.

[¶30.] Further, SDCL 29A-3-807 provides that the personal representative "shall" pay any allowed claims or "may pay any valid claim that has not been barred with or without formal presentation." In other words, it is not the presentation of the claim by the creditor that authorizes the personal representative to allow and pay a claim. Rather, a personal representative is authorized to allow and pay a non-barred claim that the personal representative knows exists. *See* SDCL 29A-3-807. Here, Denise was fully aware of her breach of contract claim as both the alleged creditor and the personal representative. However, although Denise had the statutory authority as the personal representative to allow and pay valid and non-barred claims under SDCL 29A-3-806 and SDCL 29A-3-807, any effort on her part to satisfy her own creditor claim without court approval would have been contrary to her duties as personal representative to administer the Estate consistent with the 2019 Will and likely would have voided the transaction under SDCL 29A-3-713.[5] Therefore, the filing of the Motion under SDCL 29A-3-713 by Denise reflects an appropriate recognition of the conflict created by her role as the personal representative and as a creditor of the Estate seeking specific performance

---

5. SDCL 29A-3-713 voids "any transaction which is affected by a substantial conflict of interest on the part of a personal representative . . . unless: (2) [t]he transaction is approved by the court after notice to interested persons." The language of SDCL 29A-3-713(2) permitted Denise to file her Motion upon notice to interested persons. Ryan has not identified any authority that prohibited Denise, as personal representative, from requesting the circuit court to review and approve the merits of a creditor claim in which she had a substantial conflict of interest.

of the Agreement that stood in direct opposition to the 2019 Will admitted to probate.[6]

[¶31.]     Under the unique circumstances presented on this record, we conclude that Denise's Motion strictly complied with the time requirement in the nonclaim statute in SDCL 29A-3-803 and substantially complied with the presentation requirements in SDCL 29A-3-804.  The circuit court erred in determining that the Motion was not timely and properly presented.[7]

### 2.     Whether the circuit court erred in denying the Motion seeking specific performance of the Agreement.

[¶32.]     Denise's Motion sought a determination on the claim for specific performance, but the circuit court specifically reserved ruling on the issues of enforceability and breach of the Agreement.  Nevertheless, in order for Denise to be entitled to the remedy of specific performance on her breach of contract claim, she must show "proof of an enforceable promise, [and] its breach[.]"  *Stromberger Farms, Inc. v. Johnson*, 2020 S.D. 22, ¶ 45, 942 N.W.2d 249, 262.  Arguably, then,

---

6.     Ryan asserts that Denise's dual capacity as the personal representative and a creditor of the Estate created a serious conflict of interest.  After the circuit court appointed Denise as personal representative, Ryan filed a petition in circuit court for removal of Denise as personal representative pursuant to SDCL 29A-3-611.  Ryan's petition alleged mismanagement of the Estate by Denise and that "her personal interests diverge from the best interests of the Estate[.]"  The circuit court denied the petition and Ryan did not appeal the circuit court's order denying his petition; thus, the question whether Denise should be permitted to continue as personal representative is not before us.

7.     Having determined that the Motion was timely and properly presented, it is unnecessary to address Ryan's argument that judicial estoppel prevents Denise from asserting her creditor claim.  It is also unnecessary to address whether the subsequently presented statement of claim filed by Denise in her capacity as creditor would be timely.

the question of the appropriate remedy may not be ripe until the questions of enforceability and breach of the Agreement have been resolved, but neither party has raised ripeness as an issue on appeal. Further, both parties squarely presented evidence and argument to the circuit court on the issue whether specific performance is an appropriate remedy for the alleged breach of the Agreement. The parties have also fully briefed the issue to this Court and have asked that we address the merits of the specific performance issue on appeal. Therefore, we will address the issue that is at the center of the controversy between the parties.

[¶33.] After receiving evidence and arguments from the parties on the merits of Denise's claim for specific performance, the circuit court denied the claim determining that she had failed to allege or present any proof that she had an inadequate remedy at law. Additionally, the court found that specific performance could not be enforced against Neil under SDCL 21-9-3(2) because such a remedy would not be just and equitable under the circumstances.

[¶34.] "Specific performance is an equitable remedy and this [C]ourt's standard of review addresses whether there has been an abuse of discretion by the circuit court after reviewing the facts and circumstances of each case."[8] *Johnson v. Sellers*, 2011 S.D. 24, ¶ 21, 798 N.W.2d 690, 696 (quoting *Lamar Adver. of S.D., Inc. v. Heavy Constr., Inc.*, 2008 S.D. 10, ¶ 10, 745 N.W.2d 371, 375). Specific

---

8. The circuit court's ruling that Denise was not entitled to specific performance under SDCL 21-9-3 is reviewed for an abuse of discretion, but we review the question whether Denise properly alleged an essential element for specific performance and presented any proof that she had an inadequate remedy at law de novo. *See Total Auctions & Real Estate, LLC v. S.D. Dep't of Revenue & Regulation*, 2016 S.D. 95, ¶ 8, 888 N.W.2d 577, 580 ("We review the dismissal of a complaint for failure to state a claim de novo.").

performance is an extraordinary remedy. *Crawford v. Carter*, 74 S.D. 316, 52 N.W.2d 302, 321 (1952). An extraordinary remedy "should never be granted, except where the evidence is clear and convincing." *Knudsen v. Jensen*, 521 N.W.2d 415, 418 (S.D. 1994) (applying the clear and convincing standard to the extraordinary remedy of rescission (quoting *Vermilyea v. BDL Enters., Inc.*, 462 N.W.2d 885, 888 (S.D. 1990)).

[¶35.]         "A person may enter into a contract to devise property or make a will which is enforceable in equity[.]" *In re Gosmire's Estate*, 331 N.W.2d 562, 568 (S.D. 1983). Specific performance, or the equivalent of specific performance, may be an appropriate remedy for a breach of a contract to make a will or devise property. "It has long been recognized that it is within the jurisdiction of equity to require the equivalent of specific performance of such an agreement after the death of the promisor by requiring transfer of his property in accordance with the terms of the agreement." *Lass v. Erickson*, 74 S.D. 503, 506, 54 N.W.2d 741, 742 (1952). However, it is well settled that "[s]pecific performance is an equitable remedy, and '[a]n essential element to equitable relief is the lack of an adequate remedy at law.'" *McCollam v. Cahill*, 2009 S.D. 34, ¶ 15, 766 N.W.2d 171, 176 (quoting *Rindal v. Sohler*, 2003 S.D. 24, ¶ 12, 658 N.W.2d 769, 772).

[¶36.]         Denise argues that it was unnecessary to show that she had an inadequate remedy at law because the Agreement involved a conveyance of real estate, and "[t]he presumed remedy for the breach of an agreement to transfer real property is specific performance." *Id.* (citation omitted); *see also Steensland v. Noel*, 28 S.D. 522, 134 N.W. 207, 210 (1912) (recognizing that in "contracts for the sale of

land, . . . an allegation that the remedy at law is inadequate is unnecessary, since that is apparent from the nature of the subject-matter"). Denise argues that the Agreement is essentially a contract for the transfer of real property because the disposition of Neil's 2017 will as mandated by the Agreement would transfer legal title of the ranch to Denise, "while the vendee [would hold] equitable title and . . . the right to use and possession of the property." *Anderson v. Aesoph*, 2005 S.D. 56, ¶ 21, 697 N.W.2d 25, 31, *holding modified by L & L P'ship v. Rock Creek Farms*, 2014 S.D. 9, ¶ 21, 843 N.W.2d 697 (citation omitted). Ryan asserts that the presumption under SDCL 21-9-9 does not apply because Denise is seeking performance of a contract for mutual wills, not a contract for the transfer of real property.

[¶37.] "It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation, and that the breach of an agreement to transfer personal property can be thus relieved." SDCL 21-9-9. However, this Court has explained "this presumption is not a conclusive one[.]" *Nelson v. Lybeck*, 21 S.D. 223, 111 N.W. 546, 547 (1907). We have denied specific performance of a contract to transfer real property after finding that the contract was "not an ordinary agreement to transfer real property" and the circumstances did not justify specific performance. *Id.* Importantly, this Court has recognized "the inadequacy of the legal remedy is still the controlling consideration[.]" *Id.*; *see also Gosmire's Estate*, 331 N.W.2d at 568 (affirming the circuit court's allowance of specific performance of a contract to devise property after decedent's death because "it [was] impossible to quantify the dollar value" of

the individuals' hard work and dedication).  "Equity has jurisdiction . . . only if the legal remedy is not full, adequate and complete."  *Holzworth v. Roth*, 78 S.D. 287, 291, 101 N.W.2d 393, 395 (1960).

[¶38.]        At the time of Neil's death, the Estate primarily consisted of Neil's undivided one-half interest in the remaining contract for deed payments and his legal interest in the contract for deed.  His one-half interest in the contract for deed was a vendor's interest entitling him to payment until the balance of the contract was paid or the right of forfeiture in the event of default.  "A contract for deed is, in its essence, a financing arrangement for the purchase of real property."  *Anderson*, 2005 S.D. 56, ¶ 21, 697 N.W.2d at 31; *see also Renner v. Crisman*, 80 S.D. 532, 537, 127 N.W.2d 717, 719 (1964) (stating that "the final interest of the seller [under a contract for deed] is nothing other than the right to payment of whatever sums are still owed him on the sale of the property").  "In a contract for deed, the installment vendor maintains 'legal title to the property while the vendee holds equitable title and has the right to use and possession of the property.'"  *Anderson*, 2005 S.D. 56, ¶ 21, 697 N.W.2d at 31 (citation omitted).

[¶39.]        There was no claim or evidence before the circuit court that the contract for deed was in default, or that Neil's one-half interest in the contract for deed, at the time of his death, would result in him receiving anything more than a stream of payments until the contract balance was paid.  Further, Denise made no effort to show that she was unable to calculate the value of the remaining payments under the contract for deed, based upon her life expectancy, or that she would otherwise be unable to present a claim for damages under the circumstances as they

existed. The record also contains the inventory providing a monetary value for Neil's one-half interest remaining in the contract for deed. Under these circumstances, the circuit court could appropriately conclude that Denise failed to allege or prove that she did not have an adequate remedy at law.

[¶40.] Based upon our conclusion that the circuit court properly determined Denise failed to allege or present evidence of an essential element for specific performance, the lack of an adequate remedy at law, it is unnecessary to consider the court's alternative finding under SDCL 21-9-3 that specific performance was not a just or equitable remedy under the circumstances presented on this record.

## Conclusion

[¶41.] The circuit court erred in determining that Denise failed to substantially comply with SDCL 29A-3-804 in presenting the creditor claim within the time requirements of SDCL 29A-3-803, and we vacate the circuit court's findings of fact and conclusions of law from February 2, 2021, to the extent that they are inconsistent with this opinion. However, the court properly considered whether Denise could seek court approval of her request for specific performance of the Agreement. We affirm the circuit court's determination that Denise is not entitled to the remedy of specific performance on her claim for the alleged breach of the Agreement.

[¶42.] KERN, SALTER, DEVANEY, and MYREN, Justices, concur.